Honorable James Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR19-117 JLR |
| | ) | |
| Plaintiff, | ) | |
| | ) | CONTINGENCY DEFENSE MOTION |
| v. | ) | FOR *KASTIGAR* HEARING AND |
| | ) | SUPPORTING MEMORANDUM |
| SHAWNA REID, | ) | |
| Defendant. | ). | **Oral argument requested** |
| | ) | Noted: July 10 , 2020 |

## Motion

Defendant Shawna Reid, by and through her undersigned counsel, moves for the court to convene a *Kastigar* hearing to establish what, if any, independent evidence might support the charges of the indictment.

## Facts

The charges arise out of an investigation into the suspected murder-for-hire of former Assistant United States Attorney Thomas Wales in 2001. In the course of their investigation, government authorities questioned Ms. Reid about comments she purportedly heard from a former boyfriend suggesting his involvement in and/or knowledge of the murder. She was interviewed three times by authorities in 2017: on August 23, August 25, and December 7. Under a grant of immunity and pursuant to a

Michael Nance
Attorney at Law
P.O. Box 11276
Bainbridge Island, WA 98110
(206 624-3211

compulsion order Ms. Reid testified before the grand jury on February 28, 2018. The indictment alleges she lied to the grand jury about her initial statement to authorities on August 23 and that she obstructed justice by lying about her initial statement in her two subsequent statements to authorities and lying again to the grand jury.

## Argument

Ms. Reid, an immunized grand jury witness, was indicted for the very testimony she provided to that body and for past statements about which she testified. Even if this indictment somehow survives a pending challenge (see Defense Motion to Dismiss Indictment, dkt. #52), a full *Kastigar*-type hearing is required to avoid violating a grant of immunity and the appearance of impropriety. See *United States v. Zielezinski*, 740 F.2d 727 (9th Cir. 1984), musing that "prosecutors should avoid permitting grand juries to indict witnesses who have testified before them under grants of immunity". See also *United States v. Hinton*, 5643 F.2d 1002, 1110 (2d Cir. 1976) ("as a matter of fundamental fairness, a government practice of using the same grand jury that heard the immunized testimony of a witness to indict him after he testifies, charging him with criminal participation in the matters being studied by the grand jury, cannot be countenanced. The procedure is so fraught with applicable constitutional problems and with the potential for abuse that in our supervisory power over the administration of criminal justice . . . [it] falls outside the bounds of permissible prosecutorial conduct."

While a subsequent grand jury, reportedly, actually returned the indictment, the same questions still remain over how it received Ms. Reid's testimony, whether the indictment has a source wholly independent of the incriminating nature of her testimony, and whether any taint from the first grand jury proceeding could ever be purged. This is especially so in a case where improprieties in front of the first grand jury and captured in the testimonial transcript unavoidably impacted any subsequent grand jury panel reviewing the record.

Respectfully submitted this 30th day of June, 2020.

/s/ Michael Nance, WSBA #13933

/s/ Robert Gombiner, WSBA #16059

Attorneys for Shawna Reid

**Certificate of service**

I hereby certify that on the 30th day of June, 2020, I electronically filed the foregoing with the clerk of the court using the CM/ECF system.  Notice of this filing will be sent electronically to counsel for other parties of record.

/s/ Michael Nance

Michael Nance
Attorney at Law
P.O. Box 11276
Bainbridge Island, WA 98110
(206 624-3211