The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR19-117 JLR |
| Plaintiff, | **UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR A *KASTIGAR* HEARING** |
| v. | |
| SHAWNA REID, | |
| Defendant. | |

The United States of America, by and through David L. Jaffe, Chief of the Department of Justice Organized Crime and Gang Section, and Matthew K. Hoff, Trial Attorney, respectfully submits this opposition to Defendant Shawna Reid's Contingency Defense Motion For *Kastigar* Hearing. [Docket #56].   The Defendant seeks "a full Kastigar-type hearing . . . to avoid violating a grant of immunity and the appearance of impropriety."   Docket #56 at p. 2.   The Defendant argues that she is entitled to such a hearing to determine "how [the indicting grand jury] received Ms. Reid's testimony, whether the indictment has a source wholly independent of the incriminating nature of her testimony, and whether any taint from the first grand jury proceeding could ever be purged." *Id.* at p. 3.

United States' Opposition to Defendant's Motion for a *Kastigar*
Hearing
*United States* v. *Reid*, No. CR19-117 JLR – 1

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

The Defendant's motion reflects a misunderstanding of established law governing the use of immunized testimony.  As explained below, when a witness is charged in federal court with having committed perjury and related offenses by giving false testimony about a material matter to a federal grand jury, as is the case here, her immunized testimony is freely admissible.  Under those circumstances, there is no need or basis for a *Kastigar* hearing to determine if there is an "independent source" for the grand jury indictment.

## I.      BACKGROUND

On February 28, 2018, the Defendant testified pursuant to a grant of use and derivative use immunity, issued under 18 U.S.C. § 6002, before a federal grand jury sitting in the Western District of Washington (Seattle).  Reid Sealed Exhibits 2, 9.  On June 20, 2019, a different Seattle grand jury returned the present indictment against the Defendant, charging her with committing perjury during her grand jury appearance.  Specifically, the indictment charges the Defendant in Count One with perjury before a federal grand jury, in violation of 18 U.S.C. § 1623, and in Count Two with obstruction of justice, in violation of 18 U.S.C. § 1503.  The Defendant now seeks "a full Kastigar-type hearing . . . to avoid violating a grant of immunity and the appearance of impropriety."   Docket #56 at p. 2.

## II.      GOVERNING LAW

### A. The Immunity Statute and *Kastigar*

In 18 U.S.C. § 6001, *et seq.*, Congress created a mechanism by which federal grand juries, courts, agencies, and Congress could secure testimony despite a witness's assertion of her Fifth Amendment privilege against self-incrimination.  In exchange, the witness would receive a court order that both compelled her testimony and provided to her what is commonly known as "use and derivative use immunity."   Specifically, Section 6002 provides that:

///

///

United States' Opposition to Defendant's Motion for a *Kastigar* Hearing
*United States* v. *Reid*, No. CR19-117 JLR – 2

1
2
3
4
5

> Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to—
>> (1) a court or grand jury of the United States,
>> (2) an agency of the United States, or
>> (3) either House of Congress, a joint committee of the two Houses, or a committee or a subcommittee of either House,

6
7
8
9
10
11

> and the person presiding over the proceeding communicates to the witness an order issued under this title, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

12
13
14

Section 6003 describes the procedures to be used for immunizing a witness before the grand jury or a court proceeding and the standard applicable to an application for such an order.

15
16
17
18
19
20
21
22
23
24
25
26

In *Kastigar v. United States*, 406 U.S. 441 (1972), the Supreme Court addressed whether this statutory use and derivative use immunity scheme was constitutional, in other words, "whether the United States Government may compel testimony from an unwilling witness, who invokes the Fifth Amendment privilege against compulsory self-incrimination, by conferring on the witness immunity from use of the compelled testimony in subsequent criminal proceedings, as well as immunity from use of evidence derived from the testimony." *Id.* at 442. The Court concluded that the statutory scheme passed constitutional muster. "We conclude that the immunity provided by 18 U.S.C. § 6002 leaves the witness and the prosecutorial authorities in substantially the same position as if the witness had claimed the Fifth Amendment privilege. The immunity therefore is coextensive with the privilege and suffices to supplant it." *Id.* at 462.

27
28

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

1    Under *Kastigar* and 18 U.S.C. § 6001, *et. seq.*, if a previously-immunized witness
2    is subject to a later criminal prosecution, the prosecution bears "the affirmative duty to
3    prove that the evidence it proposes to use [in the criminal prosecution] is derived from a
4    legitimate source wholly independent of the compelled testimony." *Id.* at 460.  In order to
5    ensure that the prosecution's evidence is not directly or indirectly derived from the
6    immunized (or compelled) testimony, a federal court can conduct a "*Kastigar* hearing," at
7    which the government must prove that there is an independent source for its proof.  *See,*
8    *e.g.*, *In re Grand Jury Subpoena*, 75 F.3d 446, 448 (9th Cir. 1996).

9    **B. *Apfelbaum* and Perjury or Obstruction of Justice Prosecutions**

10    As noted in 18 U.S.C. § 6002, there is an exception to the prohibition on the use and
11    derivative use of immunized testimony, one that applies in "a prosecution for perjury,
12    giving a false statement, or otherwise failing to comply with the order."  18 U.S.C. § 6002.
13    The Supreme Court addressed this exception in *United States v. Apfelbaum*, 445 U.S. 115
14    (1980).  As is the case here, Apfelbaum gave immunized testimony to a federal grand jury
15    and later was prosecuted for giving false statements during that testimony.  *Id.* at 116-19.
16    The issue in *Apfelbaum* was whether "Congress intend[ed] the federal immunity statute,
17    18 U.S.C. § 6002, to limit the use of a witness' immunized grand jury testimony in a
18    subsequent prosecution of the witness for false statements made at the grand jury
19    proceeding" to only the allegedly false testimony.  *Id.* at 121.  Apfelbaum argued "that
20    while § 6002 permits the use of a witness' false statements in a prosecution for perjury or
21    for making false declarations, it establishes an absolute prohibition against the use of
22    truthful immunized testimony in such prosecutions."  *Id.*

23    The Supreme Court flatly rejected this limitation, explaining that "this contention is
24    wholly at odds with the explicit language of the statute, and finds no support even in its
25    legislative history."  *Id.*  Instead, "[t]he legislative history of § 6002 shows that Congress

26

27    United States' Opposition to Defendant's Motion for a *Kastigar*
      Hearing
28    *United States* v. *Reid*, No. CR19-117 JLR – 4

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

1    intended the perjury and false-declarations exception to be interpreted as broadly as
2    constitutionally permissible." *Id.* at 122.  This also is true as a matter of constitutional law.
3    "[N]either the immunity statute nor the Fifth Amendment precludes the use of [a witness's]
4    immunized testimony at a subsequent prosecution for making false statements, so long as
5    that testimony conforms to otherwise applicable rules of evidence." *Id.* at 131.

6         This outcome—that all of a witness's immunized testimony, whether truthful or
7    false, is admissible in a perjury prosecution—is consistent with the understanding that "the
8    Fifth Amendment privilege against compulsory self-incrimination provides no protection
9    for the commission of perjury," *id.* at 127, and is "grounded in the fact that a grand jury
10   witness is not compelled to lie or obstruct justice."  *United States v. Thomas*, 612 F.3d
11   1107, 1127 (9th Cir. 2010).  It is for this reason as well that the use of immunized testimony
12   is permissible in an obstruction of justice prosecution under 18 U.S.C. § 1503, just as it is
13   in a perjury prosecution under 18 U.S.C. § 1623.  *Id.* at 1128.

14              ### III.   ARGUMENT

15        *Apfelbaum* and *Thomas* make clear that neither the Fifth Amendment nor the federal
16   immunity statute impose any limitation on the use of all of the Defendant's immunized
17   testimony in the instant prosecution for perjury and obstruction of justice.  Rather, her
18   testimony is subject only to the "otherwise applicable rules of evidence."  *Apfelbaum*, 445
19   ///

20   ///

21   ///
22
23
24
25
26
27   United States' Opposition to Defendant's Motion for a *Kastigar*
     Hearing
28   *United States* v. *Reid*, No. CR19-117 JLR – 5

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

1    U.S. at 131.   Accordingly, there is no basis for a *Kastigar* hearing as to the use of the

2    Defendant's immunized testimony before the later grand jury to secure her indictment, or

3    at trial.[1]

4    ///

5    ///

6

7

_____

8    [1] There is a subsidiary legal issue here that this Court need not address, specifically, whether there

9    is any basis for conducting a *Kastigar* hearing with respect to evidence introduced in the grand
     jury.   This is the only claim that the Defendant makes here – that the Court should explore the

10   evidence presented to the grand jury that indicted her.

11       In *United States v. Hinton*, 543 F.2d 1002 (2d Cir. 1976), the Second Circuit held that

12   immunized testimony from an earlier grand jury appearance cannot be introduced in a later grand
     jury proceeding to secure an indictment of the immunized witness. *Id.* at 1009-10.   But, the Ninth

13   Circuit unequivocally rejected the rule in *Hinton* in *United States v. Zielezinski*, 740 F.2d 727, 729

14   (9th Cir. 1984) ("No court has adopted *Hinton* as a matter of constitutional law. Commentators
     suggest that *Hinton* cannot have a constitutional basis. . . . We conclude that the *Hinton* rule is not

15   constitutionally compelled.").

16       In *Zielezinski*, the Ninth Circuit nonetheless determined that a district court should exercise

17   its supervisory power to conduct a hearing at which "the government must establish the
     independent sources upon which the indictment rested." *Id.* at 733.   But, it is unclear whether this

18   broad view of federal courts' supervisory powers over the grand jury proceedings survived the
     Supreme Court's later decision in *United States v. Williams*, 504 U.S. 36 (1992).   In *Williams*, the

19   Court held that a federal court's supervisory power permits it to *enforce* or *vindicate existing*,
     legally compelled standards for prosecutorial conduct before the grand jury, but does not permit it

20   to *prescribe* new standards of conduct in the first instance. *Id.* at 46-47.   And, that is exactly what

21   the *Zielezinski* court did.   Thus, it is now uncertain whether there is any basis in the Ninth Circuit
     to challenge the government's use of immunized testimony to secure an indictment.

22

23       This Court need not resolve the uncertainty.   Both Section 6001 and *Apfelbaum* make clear

24   that there is no constitutional or statutory bar to the use *in trial* of the grand jury testimony of an
     immunized witness who, when testifying, commits perjury or obstructs justice.   It must follow that

25   the same immunized testimony can be used to secure the underlying indictment for perjury or
     obstruction of justice.   Accordingly, this Court need not decide whether, in a case not involving

26   perjury or obstruction of justice, there would be a need to conduct a *Kastigar* hearing to determine
     if immunized testimony was used in the grand jury.

27   United States' Opposition to Defendant's Motion for a *Kastigar*
     Hearing

28   *United States* v. *Reid*, No. CR19-117 JLR – 6

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

## IV.    CONCLUSION

For these reasons, the Defendant's Contingency Motion for a *Kastigar* Hearing should be denied.

Dated this 14th day of July, 2020.


Respectfully submitted,

David L. Jaffe
Chief, Organized Crime and Gang Section

 *s/Matthew K. Hoff*
MATTHEW K. HOFF
Trial Attorney

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594