The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAWNA REID,<br><br>Defendant. | CASE NO. CR19-117 JLR<br><br>**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF GRAND JURY MATERIAL** |

The United States of America, by and through David L. Jaffe, Chief of the Department of Justice Organized Crime and Gang Section, and Matthew K. Hoff, Trial Attorney, respectfully submits this opposition to Defendant Shawna Reid's Motion to Compel Production of Grand Jury Material. [Docket #55].

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY.

On three separate occasions in 2017, members of the Federal Bureau of Investigation (FBI) and the Seattle Police Department (SPD) interviewed Defendant Shawna Reid ("the Defendant") about her prior association with an individual identified in the Indictment as Suspect #1. These interviews were documented in the investigators'

United States' Opposition to Defendant's Motion to
Compel Production of Grand Jury Material
*United States* v. *Reid*, No. CR19-117JLR – 1

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

notes and written reports. Reid Sealed Exhibits 2 through 7. Specifically, the investigators asked the Defendant on August 23, 2017, if Suspect #1 ever told her about Suspect #1's involvement in a murder. Reid Sealed Exhibit 4 at 2. The Defendant replied "yes" and then told the investigators, unprompted, that Suspect #1 bragged to her about involvement in the murder of a "judge or an attorney that lives on top of a hill." *Id*. However, according to the Defendant, Suspect #1 never informed her about the specifics of Suspect #1's involvement in the murder. *Id*. The Defendant told investigators that she believed Suspect #1 was simply bragging about the murder to look tough; therefore, she never took the information seriously. *Id*. During the interview, the Defendant told investigators that she recalled Suspect #1 driving her by the house where the murder occurred and she remembered the house was on a hill. *Id*. The Defendant then told the investigators that Suspect #1 told her that the man who was killed was an "attorney general or a judge." *Id*. at 5. The interview ended when the Defendant told the investigators that she had to leave to attend a sibling's court appearance. *Id*.

During a subsequent interview on August 25, 2017, the Defendant denied that she told the investigators two days earlier about Suspect #1's involvement in the murder. Reid Sealed Exhibit 5 at 1. On that date, the Defendant told the investigators that what she actually told investigators during the August 23, 2017 interview was that Suspect #1 drove her by a house on a hill and said that he had family or a former employer that lived in the house, and that, in fact, that family member or former employer was a judge, an attorney, or an attorney general. *Id*. When the investigators asked the Defendant if she remembered their previous conversation regarding the murder, she repeatedly denied making the statements about Suspect #1's involvement in the murder. *Id*. at 1-2.

On December 15, 2017, investigators, along with a prosecutor, interviewed the Defendant a third time. Reid Sealed Exhibit 7. During this interview, the Defendant

United States' Opposition to Defendant's Motion to Compel Production of Grand Jury Material
*United States* v. *Reid*, No. CR19-117JLR – 2

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

admitted that she did, in fact, respond in the affirmative when the investigators asked her if Suspect #1 ever spoke to her about his involvement in a murder. *Id*. at 1. However, on this date, the Defendant said she later realized that she misspoke or was confused about the question, and believed she was responding to a different question from the investigators but could not explain what that other question was. *Id*. Further, the Defendant could not provide the investigators with an explanation as to why she would have provided the investigators with information about a "judge or an attorney" who "lives on top of a hill." *Id*.

On February 28, 2018, the Defendant testified before a Federal Grand Jury in the Western District of Washington (Seattle) about her prior statements to the investigators regarding Suspect #1's involvement in the murder of "a judge or an attorney." Reid Sealed Exhibit 9. Specifically, the Defendant was asked about the information provided to her by Suspect #1 about Suspect #1's involvement in the murder of a judge or lawyer who "lives on top of a hill." *Id*. at 16-24. During the Defendant's testimony, she affirmatively denied that Suspect #1 told her about any involvement in the murder of a judge, prosecutor or attorney general who lived on a hill and that Suspect #1 drove her by the house where the murder occurred. *Id*. Additionally, when asked, the Defendant denied telling investigators during her first interview on August 23, 2017 that Suspect #1 bragged about being involved in the murder of a judge or attorney who lived on a hill. *Id*. at 17-19. The Defendant also specifically denied telling investigators during her first interview that Suspect #1 bragged that the murder victim was someone of importance like a judge or an attorney general. *Id*. at 17.

On June 20, 2019, a different Federal Grand Jury in the Western District of Washington (Seattle) charged Defendant Reid in a two-count indictment with False Declarations before the Grand Jury (Count One), in violation of 18 U.S.C. § 1623; and

United States' Opposition to Defendant's Motion to
Compel Production of Grand Jury Material
*United States* v. *Reid*, No. CR19-117JLR – 3

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

Obstruction of Justice (Count Two), in violation of 18 U.S.C. § 1503. The allegations stem from Defendant Reid's denials during her testimony before the Grand Jury on February 28, 2018, regarding the statements she made to investigators during her August 23, 2017 interview about Suspect #1's involvement in a murder.

## II. GOVERNING LAW

The government's production obligations in this federal criminal case are dictated by Rule 16(a) of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3500 (the "Jencks Act"), constitutional requirements for the disclosure of material evidence and information favorable to the defendant, as described in *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 403 U.S. 150 (1972), and WDWA Local Criminal Rule 16. None of these sources of authority provide a basis for the Defendant's demand for "all aspects of the grand jury proceedings, including all witness testimony, leading to the indictment in this matter." Docket #54 at p. 1.

Indeed, Rule 16(a) expressly exempts witness statements, which include grand jury testimony, from its coverage. It states that "[n]or does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. §3500." Fed. R. Crim P. 16(a)(2). Further, Fed. R. Crim. P 16(a)(3) states that Rule 16 "does not apply to the discovery or inspection of a grand jury's recorded proceedings, except as provided in Rules 6, 12(h), 16(a)(1), and 26.2." And none of these four rules cited in Fed. R. Crim P. 16(a)(3) provides support for the Defendant's compulsion motion.

Rule 12(h) applies to suppression hearings and thus is inapplicable here where no suppression motion has been filed and no hearing is scheduled. Rule 16(a)(1) requires the government to produce certain categories of information to the defendant—the defendant's

United States' Opposition to Defendant's Motion to
Compel Production of Grand Jury Material
*United States* v. *Reid*, No. CR19-117JLR – 4

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

own oral and written statements; the defendant's criminal record; certain relevant "documents and objects," such as those that the government will admit in its case-in-chief or that belong to the defendant; reports of examinations and tests; and information about expert witness testimony—but provides no basis for wholesale disclosure of grand jury transcripts that fall outside these categories. Significantly, as to a grand jury matter falling within one of these categories—the Defendant's own grand jury testimony—the government promptly made production of that grand jury transcript to the defense.

For present purposes, Rule 26.2 simply reiterates the relevant obligations in the Jencks Act, 18 U.S.C. § 3500, obligating the government to produce statements of testifying witnesses. *See, e.g., United States v. Fort*, 478 F.3d 1099, 1102 n.4 (9th Cir. 2007) (citing both 18 U.S.C. § 3500 and Rule 26.2 for the proposition that "[t]he Jencks Act requires prosecutors to turn over to the defense statements made by testifying witnesses if those statements are in the prosecutor's possession"). But these rules governing witness statements do the Defendant no good here because the production obligation ripens only *after* the witness has testified on direct examination. *See* 18 U.S.C. § 3500(a) ("In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."); Fed. R. Crim. P. 26.2 ("*After a witness other than the defendant has testified on direct examination*, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and

United States' Opposition to Defendant's Motion to
Compel Production of Grand Jury Material
*United States* v. *Reid*, No. CR19-117JLR – 5

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

that relates to the subject matter of the witness's testimony.") (emphasis added). Further, this Court's local rules provide that "[t]he attorney for the government is not required . . . to produce any statements of witnesses which fall within the purview of 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2, until such time as required under those provisions." WDWA Local Rule 16(a)(2)(E).

This leaves Rule 6. Significantly, Rule 6 is not a rule of disclosure. Indeed, the relevant subsection, Rule 6(e), is a *secrecy* provision, prohibiting disclosure of "a matter occurring before the grand jury," Fed. R. Crim. P. (e)(2)(B), unless a specific exception applies. The need for grand jury secrecy is "compelling" given that the grand jury is a cornerstone of the criminal justice system, holding a "'high place . . . as an instrument of justice.'" *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 399 (1959) (quoting *Costello v. United States*, 350 U.S. 359 (1956)). As the Supreme Court explained in *Pittsburgh Plate Glass*, the grand jury is "convened as a body of laymen, free from technical rules, acting in secret, pledged to indict no one because of prejudice and to free no one because of special favor." 360 U.S. at 399 (internal quotation marks omitted). "To make public any part of its proceedings would inevitably detract from its efficacy," as "[g]rand jurors would not act with that independence required of an accusatory and inquisitorial body." *Id.*; *see also Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979) ("We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings."). The purposes of grand jury secrecy are enumerated in *Douglas Oil* and include "insur[ing] the utmost freedom to the grand jury in its deliberations" and "encourag[ing] free and untrammeled disclosures by persons who have information with respect to the commission of crimes."

United States' Opposition to Defendant's Motion to
Compel Production of Grand Jury Material
*United States* v. *Reid*, No. CR19-117JLR – 6

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

441 U.S. at 219 n.10 (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681-682 n.6 (1958)).

The Defendant relies on two exceptions to the general rule of grand jury secrecy, both set out in Federal Rule of Criminal Procedure 6(e)(3)(E):

> The court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand-jury matter:
> (i) preliminarily to or in connection with a judicial proceeding; [or]
> (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.

In order to obtain access to a grand jury matter under one of these subsections, a party must demonstrate that the subsection applies and, in addition, show a "particularized need" for the sought grand jury matter. *Dennis v. United States*, 384 U.S. 855, 870 (1966). "A trial judge should order disclosure of grand jury transcripts only when the party seeking them has demonstrated that a 'particularized need exists…which outweighs the policy of secrecy.'" *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (quoting *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. at 400). The secrecy of grand jury proceedings "must not be broken except where there is a compelling necessity" and the necessity "must be shown with particularity." *United States v. Procter & Gamble Co.*, 356 U.S. at 682.

In order to determine that there is a particularized need, a court must find "(1) that the desired material will avoid a possible injustice, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that only the relevant parts of the transcripts should be disclosed." *United States v. Plummer*, 941 F.2d 799, 806 (9th Cir. 1991) (citing *Douglas Oil Co.*, 441 U.S. at 222)). The burden of establishing this particularized need rests with the party seeking disclosure. *Douglas Oil Co.*, 441 U.S. at 223. "To show a compelling and particularized need, the private party must show 'circumstances had

United States' Opposition to Defendant's Motion to Compel Production of Grand Jury Material
*United States* v. *Reid*, No. CR19-117JLR – 7

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

created certain difficulties peculiar to this case, which could be alleviated by access to specific grand jury materials, without doing disproportionate harm to the salutary purpose of secrecy embodied in the grand jury process.'" *United States v. Aisenberg*, 358 F.3d 1327, 1348-49 (11th Cir. 2004) (quoting *United States v. Elliott*, 849 F.2d 554, 558 (11th Cir. 1988)). A defendant requesting disclosure of grand jury materials must show a necessity to avoid possible injustice in another judicial proceeding, that the need must outweigh the need for continued secrecy, and the request must be structured to cover only the material needed. *United States v. Sells Engineering, Inc., et al.*, 463 U.S. 418, 443 (1983) (citing *Douglas Oil Co.*, 441 U.S. at 222-23).

### III. ARGUMENT

#### A. Defendant Reid is Not Entitled to Disclosure Under Rule 6(e)(3)(E)(i).

The Defendant first seeks disclosure of grand jury testimony pursuant to Rule 6(e)(3)(E)(i). Docket #55 at 4. However, this exception to Rule 6(e) does not apply in this case and, in any event, as discussed herein, the Defendant fails to establish a "particularized need" for the requested grand jury material. The unpermitted disclosure of grand jury testimony in this case would pierce the veil of secrecy in grand jury proceedings, potentially disclose information regarding an ongoing investigation, and potentially discourage future witnesses from testifying before the grand jury.

Disclosure under Rule 6(e)(3)(E)(i) "is, on its face, an affirmative limitation on the availability of court-ordered disclosure of grand jury materials." *United States v. Baggot*, 463 U.S. 476, 479 (1983). "[T]he Rule contemplates only uses related fairly directly to some identifiable litigation, pending or anticipated." *Id.* at 480. Thus, "[t]he focus is on the *actual use* to be made of the material. If the primary purpose of disclosure is not to assist in preparation or conduct of a judicial proceeding, disclosure under [Rule 6(e)(3)(E)(i)] is not permitted." *Id.* (emphasis in original). The Defendant claims that the

United States' Opposition to Defendant's Motion to Compel Production of Grand Jury Material
*United States* v. *Reid*, No. CR19-117JLR – 8

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

standard for disclosure pursuant to Rule 6(e)(3)(E)(i) is "easily met" because it is "related fairly directly to some identifiable litigation." Docket #55 at 4. However, "it is settled that the first exception applies only to situations where the judicial proceeding for which disclosure of grand jury material is sought is a judicial proceeding *different from* the criminal trial authorized by the grand jury's indictment." *United States v. Loc Tien Nguyen*, 314 F. Supp. 2d 612, 616 (E.D. Va. 2004) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677) (emphasis added). "This is clear because application of the first exception in circumstances like those at bar would render the second exception superfluous, as the first exception would always encompass the second." *Loc Tien Nguyen*, 314 F. Supp. 2d at 616. Thus, disclosure under Rule 6(e)(3)(E)(i) is improper in the instant case. Even if this exception were applicable, as discussed below, the Defendant has failed to demonstrate a "particularized need" for disclosure of the materials.

### B. Defendant Reid is Not Entitled to Disclosure Under Rule 6(e)(3)(E)(ii).

The Defendant also seeks disclosure of the requested Grand Jury materials pursuant to Rule 6(e)(3)(E)(ii). Docket #55 at 4. In the Defendant's Motion to Dismiss the Indictment (Docket #52), she states that "[t]he defense knowledge of the grand jury proceedings is therefore limited to what is reflected in the transcript of Ms. Reid's testimony before that body and what she recalls about it. For reasons detailed in the contemporaneously filed Defense Motion to Compel Production of Grand Jury Materials, we seek additional information." Docket #52 at 11 fn. 3. However, in the Defendant's instant Motion to Compel Production of Grand Jury Material, she merely asserts, without more, that disclosure under this exception applies because "[g]rounds to dismiss the indictment are precisely what the defense contends." Docket #55 at 4.

But, "[m]ere unsubstantiated, speculative assertions of improprieties in the proceedings do not supply the particular need required to outweigh the policy of grand jury

United States' Opposition to Defendant's Motion to
Compel Production of Grand Jury Material
*United States* v. *Reid*, No. CR19-117JLR – 9

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

secrecy." *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) (internal quotation marks and citations omitted); *see also Walczak*, 783 F.2d at 857 (denying disclosure of grand jury transcripts where the alleged need was not based on facts, and was, therefore, "speculative"); *United States v. Claiborne*, 765 F.2d 784, 792 (9th Cir. 1985) ("Speculation cannot justify this court's intervention into the grand jury's proceedings."). Put simply, Rule 6(e) "is not an invitation to engage in a fishing expedition to search for grand jury wrongdoing and abuse when there are no grounds to believe that any wrongdoing or abuse has occurred." *Loc Tien Nguyen*, 314 F. Supp. 2d at 616.

The Defendant makes the conclusory assertion that "grand jury irregularities and prosecutorial misconduct" support the disclosure of "the testimony of other grand jury witnesses." Docket #55 at 4. As discussed at length in the Government's Response to Defendant Reid's Motion to Dismiss the Indictment (Docket # 61), no irregularities or prosecutorial misconduct occurred before the grand jury. In *United States v. DeTar*, the Ninth Circuit upheld the denial of disclosure of grand jury transcripts in order to determine whether prosecutorial misconduct occurred, stating the defendant "supported his request for production of grand jury records on nothing but baseless speculation." 832 F.2d 1110, 1113 (9th Cir. 1987). The Defendant makes similar baseless and speculative assertions. Here, the Defendant seeks all the testimony of "other grand jury witnesses, particularly the two government investigators present for the initial interview of Ms. Reid," to "better understand the context of how" the alleged irregularities occurred and to "illuminate the degree of government attribution." Docket #55 at 4. Further, the Defendant asserts that production of the requested grand jury material "would greatly *aid* in resolving the pending challenge to the indictment." *Id*. at 5.

However, the Defendant fails to provide, as required, any insight as to how disclosure of all of the grand jury testimony would help further her alleged claims that

United States' Opposition to Defendant's Motion to
Compel Production of Grand Jury Material
*United States* v. *Reid*, No. CR19-117JLR – 10

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

disclosure would resolve the pending challenge, nor how it would allow for a better understanding of the context of the alleged irregularities and degree of government attribution. The Defendant cites her Motion to Dismiss the Indictment as a reason for disclosure but offers no support for a "particularized need" for her broad request and fails to limit the request to cover only needed material. *United States v. Sells Engineering, Inc.*, 463 U.S. at 443 (to be entitled to disclosure, a defendant must show a necessity to avoid possible injustice in another judicial proceeding, that the need must outweigh the need for continued secrecy, and the request must be structured to cover only the material needed). The Defendant also fails to establish how disclosure of "the testimony of other grand jury witnesses" will achieve the purposes of better understanding any alleged irregularities or prosecutorial misconduct, of which there was none. The Defendant's claims are thus the sort of broad and unspecified allegations that prior courts have roundly rejected for reasons to disclose grand jury testimony. Having failed to establish a particularized need for the disclosure of all the grand jury testimony related to this case, the Court should not grant the Defendant her request for large scale disclosure of grand jury testimony and allow her to engage in a fishing expedition.

To the extent the Defendant requests "full details of the grand jury proceedings, including instructions the grand jurors were given" (Docket #55 at 2), the Court should also deny the request to disclose these documents. As with her request for the testimony of other grand jury witnesses, the Defendant has similarly failed to establish any particularized need for this information and her request is based on mere speculation. Moreover, the government is not required to provide any legal instructions to the grand jury. *United States v. Larrazolo,* 869 F.2d 1354, 1359 (9th Cir. 1989).

///

///

United States' Opposition to Defendant's Motion to
Compel Production of Grand Jury Material
*United States* v. *Reid*, No. CR19-117JLR – 11

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

**C.  Brady Disclosure.**

Lastly, the Defendant asserts that the Court should disclose the grand jury testimony pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). The Government is well aware of its *Brady* obligations and will promptly provide the Defendant with any information or evidence as required by those obligations.

## IV.  CONCLUSION

For these reasons, Defendant's Motion to Compel Production of Grand Jury Material should be denied.

Dated this 14th day of July, 2020.

Respectfully submitted,

David L. Jaffe
Chief, Organized Crime and Gang Section

 *s/Matthew K. Hoff*
MATTHEW K. HOFF
Trial Attorney

United States' Opposition to Defendant's Motion to Compel Production of Grand Jury Material
*United States* v. *Reid*, No. CR19-117JLR – 12

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594