Honorable James Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, SEATTLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | No. CR19-117 JLR |
| Plaintiff, | ) | |
| | ) | DEFENSE REPLY TO GOVERNMENT |
| v. | ) | OPPOSITION TO PRODUCTION OF |
| | ) | GRAND JURY MATERIAL |
| SHAWNA REID, | ) | |
| Defendant. | ) | |

The government's response dodges the central (and fundamentally simple) question of whether "a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury", per Rule 6(e)(3)(E)(ii). Instead, it spends space on Rule 16 discovery issues that are not relevant to the question (finally addressing the question on page 9 of its 12-page memo) before airily dismissing the motion for its "conclusory" and "baseless and speculative assertions" about grand jury irregularities and prosecutorial misconduct and its failure to show a "particularized need" for the requested material.

The government position is puzzling and difficult to accept at face value. If the challenged process by which it procured the indictment of Ms. Reid was proper, why not produce the entire surrounding record to prove it? If grand jury secrecy is a concern why

Michael Nance
Attorney at Law
P.O. Box 11276
Bainbridge Island, WA 98110
(206) 624-3211

not seek a protective order or ask that the court review it *in camera*? Instead, the government invokes the secrecy of Rule 6(e), issues a blanket, conclusory denial of impropriety, and tries to shift blame back to the defense for failing to "particularize" a need for the requested material.

In the companion motion to dismiss the indictment (dkt #52), the defense set forth, in exacting detail, how the government prosecutors misinformed Shawna Reid and the grand jury that the court's compulsion order required that she confess her guilt to a crime and then questioned her on the false pretense that interviewing agents' notes contradicted her testimony on the key issue of her age at the time she met Chris G.

These matters are not based on speculation — they are based on the transcript of Ms. Reid's grand jury testimony and on the few pages of agents' rough notes provided in discovery. They are not trivial or hyper-technical matters. They strike at the heart of our constitutional system and the basic protections it affords to everyone. Surely, the government cannot affirmatively misrepresent fundamental legal obligations to a vulnerable grand jury witness it has compelled to testify, confront her with false evidence she has never seen in order to suggest she is lying about other matters, procure an indictment for her alleged lies, and now hide behind grand jury secrecy rules to conceal the context that would further illuminate its misconduct.

The grand jury indicted Ms. Reid for lying to it. To what extent was its indictment the result of Ms. Reid's failure to incriminate herself, as it had been instructed she must?

Michael Nance
Attorney at Law
P.O. Box 11276
Bainbridge Island, WA 98110
(206) 624-3211

Or the result of her diminished credibility because it believed she had lied about her age when first meeting Chris G (when the agents' notes suggest otherwise)? These events must unavoidably have had an impact, but since the government shrugs them off as unimportant, the veil of grand secrecy must be pierced to determine what else the grand jury was told and what other evidence it considered before indicting her.

Was the grand jury further instructed on the necessity of Ms. Reid incriminating herself or on her failure to do so? Did any of the grand jurors inquire about this matter? Was her invocation of privilege or the compulsion order further discussed? What else was the grand jury told to suggest Ms. Reid was lying during her testimony? Or to suggest that she was otherwise criminally involved or oriented? Or to otherwise disparage her character? Did either or both of the agents from the August 23, 2017, interview of Ms. Reid testify and, if so, what did they say about Ms. Reid's earlier statements? Did they reference their handwritten notes? Were the notes seen by the grand jury? And were there follow-up questions about them? How was the grand jury panel that indicted Ms. Reid informed of her testimony before the earlier grand jury panel?

What is the government hiding? The defense is not asking about the murder investigation; we are asking about specific information that caused or resulted in the indictment of Ms. Reid and would not oppose a reasonable protective order that addressed grand jury secrecy concerns.

Given its misconduct already on record, the government cannot blandly deny

Michael Nance
Attorney at Law
P.O. Box 11276
Bainbridge Island, WA 98110
(206) 624-3211

impropriety, pretend nothing is amiss, and stonewall a reasonable request for essential information.

Respectfully submitted this 21st day of July, 2020.

/s/ Michael Nance, WSBA #13933
/s/ Robert Gombiner, WSBA #16059
Attorneys for defendant Shawna Reid

Michael Nance
Attorney at Law
P.O. Box 11276
Bainbridge Island, WA 98110
(206) 624-3211

**Certificate of service**

I hereby certify that on the 21st day July, 2020, I electronically filed the foregoing with the clerk of the court using the CM/ECF system. Notice of this filing will be sent electronically to counsel for other parties of record.

/s/ Michael Nance

Michael Nance
Attorney at Law
P.O. Box 11276
Bainbridge Island, WA 98110
(206) 624-3211