UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>SHAWNA REID,<br><br>        Defendant. | CASE NO. CR19-0117JLR<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

On August 6, 2020, the court issued an order that denied Defendant Shawna Reid's motion to dismiss (Mot. to Dismiss (Dkt. # 52)), denied Ms. Reid's motion for a *Kastigar* hearing (Mot. for Hr'g (Dkt. # 56)); and granted in part and denied in part Ms. Reid's motion to compel (Mot. to Compel (Dkt. # 55)).  (*See* 8/6/20 Order (Dkt. # 69).) Ms. Reid now seeks reconsideration of the court's order denying her motion to dismiss. (*See* Mot. for Reconsideration (Dkt. # 71).)  The court denied Ms. Reid's motion to dismiss based primarily on her failure to show that Plaintiff United States of America's ("the Government") conduct caused her prejudice.  (*See* 8/6/20 Order at 6-13.)  The court

ORDER - 1

based this conclusion on well-established Supreme Court precedent holding that under either due process or the exercise of a district court's supervisory power, "as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254-56 (1989); *see also United States v. Navarro*, 608 F.3d 529, 539 (9th Cir. 2010) ("It is clear . . . that if a motion to dismiss is made before the verdict, the district judge should apply the *Bank of Nova Scotia* standard . . . .").

In her motion for reconsideration, Ms. Reid argues that the court erroneously required Ms. Reid to establish prejudice and claims instead that prejudice is presumed in her case because the Government introduced "structural error" into the grand jury proceedings. (*See* Mot. for Reconsideration at 1.) The court already considered and rejected Ms. Reid's arguments that she need not establish prejudice in its prior order. (*See* 8/6/20 Order at 8-13.) Ms. Reid's arguments that the court's prior ruling on that issue was erroneous are not new or persuasive.

Motions for reconsideration are disfavored. Local Criminal Rules W.D. Wash. LCrR 12(b)(10)(A). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. In her motion for reconsideration, Ms. Reid has not made a showing of manifest error in

//

//

//

1 | the court's prior ruling or a showing of new facts or legal authority that undermines any
2 | portion of the challenged order. Accordingly, the court DENIES Ms. Reid's motion for
3 | reconsideration (Dkt. # 71).

4 | Dated this 19th day of August, 2020.

*[signature]*

JAMES L. ROBART
United States District Judge