Honorable James Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.  CR19-117 JLR |
| | ) | |
| Plaintiff, | ) | MOTION FOR ISSUANCE |
| v. | ) | OF TRIAL SUBPOENAS FOR |
| | ) | DEPARTMENT OF JUSTICE |
| SHAWNA REID, | ) | EMPLOYEES |
| | ) | |
| | ) | |
| Defendant. | ) | Noted:  November 27, 2020 |
| | ) | |

**Motion**

Defendant Shawna Reid, by and through her undersigned counsel and pursuant to her Sixth Amendment right to compulsory process, moves the court to command the appearance, either by subpoena or direct order, of these potential defense trial witnesses, who are Department of Justice employees:

Joseph Wheatley, Assistant United States Attorney and

David Jaffe, Section Chief, Department of Justice Organized Crime and Gang Unit

**Background and summary of sought testimony**

As described in more detail in other pleadings, the charges arise from an investigation into a suspected murder-for-hire of former Assistant United States Attorney

Michael Nance
Attorney at Law
P.O. Box 11276
Bainbridge Island, WA 98110
(206) 624-3211

1

Thomas Wales in October 2001.  Count 1 of the indictment alleges that Ms. Reid falsely

testified before the grand jury, in violation of 18 USC §1623.[1]  The alleged basis of this

charge is her denial of previously telling government investigators that suspect #1 had

bragged to her about his involvement in the murder of "a judge or attorney that lives on

top of a hill" and that suspect #1 bragged that the murder victim was "someone of

importance like a judge or an attorney general."

Recently, the defense notified the government of its endorsement of Mr. Wheatley

and Mr. Jaffe as prospective defense witnesses, identifying them as "percipient witnesses

to the alleged crimes and contributing factors to their commission" and asked whether the

government would agree to produce them without the need for a formal subpoena or

court order.  The government replied that it would not so agree and, citing 28 CFR

§16.23(c)[2], would require both a subpoena or formal legal process *and* a statement from

the defense to the government attorney setting forth a summary of the testimony sought.[3]

---

[1]To convict under 18 USC §1623, the government must prove that a person's sworn
grand jury testimony was false, that the person knew it was false, and that it was  material
to the matters before the grand jury, i.e., that. it had a natural tendency to influence, or
was capable of influencing, the grand jury's investigations  See 9th Cir. Pattern Inst.
8.137.

[2] 28 CFR §16.23(c) provides:
   If oral testimony is sought [from a present or former DOJ employee about a matter
within the scope of his or her duties] by a demand in a case or matter in which the United
States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking
the testimony or by the party's attorney setting forth a summary of the testimony sought
must be furnished to the Department attorney handling the case or matter.

[3] See attached email exchange on the subject.  Ex. #1.

Joseph Wheatley and David Jaffe were both percipient witnesses to Ms. Reid's

appearance and testimony before the grand jury in February 2018.  Mr. Wheatley

explained and interpreted the court's compulsion order for Ms. Reid and was one of two

prosecutors who questioned her.  Mr. Wheatley specifically told Ms. Reid, in the presence

of the grand jurors, that she must "incriminate" and "implicate" herself in her testimony

in compliance with the court's compulsion order mandating such following invocation of

her Fifth Amendment privilege.  Mr. Wheatley's "Section Chief",  David Jaffe, was

present during Ms. Reid's grand jury appearance but left this glaringly false

characterization of the compulsion order's mandate uncorrected.

At issue is whether Ms. Reid's testimony was false, whether she knew it was false,

and whether it was material.  Her demeanor at the time and that of her questioners are

relevant to these determinations.  A confused, intimidated witness trying to comply with

irreconcilable legal directives has an excuse for failing to testify perfectly, and the proof

of her knowingly doing so falsely is elusive.  Capturing the full circumstances of the

grand jury atmosphere in which Ms. Reid testified is highly relevant to her state of mind

and is best portrayed, not through a cold transcript of the proceeding, but through

testimony of the actual participants.  To best understand those circumstances, the trial

jury should hear and consider the direct testimony of Mr. Wheatley and that of his on-site

supervisor, Mr. Jaffe.

Their testimony would also bolster the defense challenge to the materiality of her alleged lies to the grand jury.

Respectfully submitted this 18th day of November, 2020.


/s/ Michael Nance, WSBA #13933
/s/ Robert Gombiner, WSBA #16059
Attorneys for defendant Shawna Reid

MICHAEL NANCE
ATTORNEY AT LAW
P.O. BOX 11276
BAINBRIDGE ISLAND, WA 98110
(206) 624-3211

**Certificate of service**

I hereby certify that on the 18th day of November, 2020, I electronically filed the

foregoing with the clerk of the court using the CM/ECF system.  Notice of this filing will

be sent electronically to counsel for other parties of record.


/s/ Michael Nance