The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR19-117 JLR |
| Plaintiff, | **UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR ISSUANCE OF TRIAL SUBPOENAS FOR DEPARTMENT OF JUSTICE EMPLOYEES** |
| v. | |
| SHAWNA REID, | |
| Defendant. | |

The United States of America, by and through David L. Jaffe, Chief of the Department of Justice Organized Crime and Gang Section, and Matthew K. Hoff, Trial Attorney, respectfully submits this opposition to Defendant Shawna Reid's Motion for Issuance of Trial Subpoenas for Department of Justice Employees.  Docket #77.

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY.

Count One alleges that the Defendant falsely testified before a federal Grand Jury on or about February 28, 2018.  At issue are two specific answers the Defendant provided in response to two questions by government prosecutors:

United States' Opposition to Defendant's Motion for Issuance
of Trial Subpoenas for Department of Justice Employees
*United States* v. *Reid*, No. CR19-117JLR – 1

Q:   In your first interview, did you say to the FBI that [Suspect #1] bragged to you about [Suspect 1's] involvement in the murder of a, quote, judge or an attorney that lives on top of a hill, end quote?

A:   No.

Q:   In your first interview, did you say to the FBI that [Suspect #1] bragged that the murder victim was someone of importance like a judge or an attorney general?

A:   No.

Docket #3 at 1-2.[1]  To convict the Defendant of Count One, the government must prove:

1. The defendant testified under oath in or ancillary to any grand jury proceedings;
2. The testimony was false;
3. The defendant knew that the testimony was false; and
4. The false testimony was material to the matters before the grand jury; that is it had a natural tendency to influence, or was capable of influencing, the grand jury's investigations.

9th Cir. Pattern Jury Inst. 8.137; *see also United States v. Matthews*, 589 F.2d 442, 445 (9th Cir. 1978) (the government must prove the central question "that the defendant understood the question[s] as did the government and that, so understood, the defendant's answer was false"); *United States v. Dunnigan*, 507 U.S. 87, 94 (1993) (when committing perjury, a defendant must know the statement is false and not the product of confusion, mistake, or faulty memory).

As the Court and the Defendant are aware, the subject of the false testimony centers around statements the Defendant made to investigators on or about August 23, 2017, which she then denied making during her Grand Jury testimony.  At trial, the government

---

[1] A copy of the Defendant's Grand Jury transcript was submitted to the Court with Docket #52.  If the Court wishes another copy, the government will provide it to the Court.

United States' Opposition to Defendant's Motion for Issuance of Trial Subpoenas for Department of Justice Employees
*United States* v. *Reid*, No. CR19-117JLR – 2

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

1   anticipates testimony from one or both of the investigators who conducted the August 23,

2   2017 interview, as well as testimony from at least one federal agent regarding the

3   materiality of the Defendant's false Grand Jury testimony.   Further, the government

4   anticipates the admission of the relevant portions of the Defendant's Grand Jury testimony

5   to support the government's case as to Count One.[2]

6        In support of her defense, the Defendant asks the Court "to command the

7   appearance, either by subpoena or direct order" of two Department of Justice attorneys—

8   Joseph Wheatley and David Jaffe—as potential defense witnesses.  Docket #77 at 1.  The

9   Defendant previously asked the government to produce these witnesses without the need

10  for a subpoena or court order; however, pursuant to 28 C.F.R. § 16.23(c), the government

11  declined.[3]  In support of her request seeking the testimony of the two government

12  prosecutors, the Defendant asserts that her "demeanor at the time and that of her

13  questioners are relevant" to guilt or innocence in this case and seeking to show the

14  Defendant was a "confused, intimidated witness."  Docket #77 at 3.[4]  The Defendant claims

15  that "[c]apturing the full circumstance of the grand jury atmosphere in which Ms. Reid

16  testified is highly relevant to her state of mind and is best portrayed, not through a cold

17  transcript of the proceeding, but through testimony of the actual participants."  *Id*.  The

18  Defendant is mistaken both as a matter of fact and law, and the government therefore

19  respectfully requests that the Court decline to issue the requested subpoenas.

20

21        [2] Certainly, the government will make every effort to meet and confer with the Defendant about the admission

22  of the Defendant's Grand Jury testimony, including which portions of the testimony should be admitted and any
    necessary redactions that should be made.

23        [3] Pursuant to 28 C.F.R. § 16.23(c), if a Defendant requests oral testimony "in a case or matter in which the

24  United States is a party, an affidavit, or, if that is not feasible, a statement by…the party's attorney setting forth a
    summary of the testimony sought must be furnished to the Department attorney handling the case or matter."

25        [4] However, as this Court previously found, "[the Defendant] does not offer any concrete examples of

26  mistaken or confused testimony that resulted from the Government's erroneous instructions."  Docket #69 at 10.

27  United States' Opposition to Defendant's Motion for Issuance        ASSISTANT ATTORNEY GENERAL
    of Trial Subpoenas for Department of Justice Employees              1301 NEW YORK AVENUE, NW
                                                                         SUITE 700
28  *United States* v. *Reid*, No. CR19-117JLR – 3                       WASHINGTON, D.C. 20005
                                                                         (202) 514-3594

## II.   GOVERNING LAW

Fed. R. Crim. P. 17(b) provides that, "[u]pon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense."  However, "[a] motion to have a witness produced is addressed to the sound discretion of the trial court, and an indigent defendant has no absolute right to subpoena all witnesses at Government expense."  *United States v. Martin*¸ 567 F.2d 849, 852 (9th Cir. 1977) (citing *United States v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973)).

The Ninth Circuit has adopted the following standard for determining if a witness is "necessary to an adequate defense":

> [If] the accused avers facts which,  if true, would be relevant to any issue in the case, the requests for subpoenas must be granted, unless the averments are inherently incredible on their face, or unless the Government shows, either by introducing evidence or from matters already of record, that the averments are untrue or that the request is otherwise frivolous.

*United States v. Sims*, 637 F.2d 625, 627 (9th Cir. 1980) (citing *Greenwell v. United States*, 317 F.2d. 108, 110 (D.C. Cir. 1963)).  "The burden of proving necessity is on the defendant."  *United States v. Smith*, 924 F.2d 889, 896 (9th Cir. 1991).  "[T]he trial court's discretion is limited to determining whether issuing the subpoena would constitute an abuse of process."  *Sims*, 637 F.2d at 629.  "In close cases the district court must exercise its sound discretion, bearing in mind that the burden of showing frivolousness or abuse of process is on the government."  *United States v. Hatchcock*, 441 F.2d 197, 200 (5th Cir. 1971).  Courts properly refuse to issue Rule 17(b) subpoenas when "the request is untimely, when the testimony sought is cumulative, when the defendant has failed to make a satisfactory showing as required by the Rule, or when the requested subpoena would in some other way constitute an oppressive and unreasonable use of the process of the court."  *Sims*, 637 F.2d at 629 (citations omitted).  Further, courts have properly denied subpoenas

United States' Opposition to Defendant's Motion for Issuance
of Trial Subpoenas for Department of Justice Employees
*United States* v. *Reid*, No. CR19-117JLR – 4

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

1    at the government's expense when defendants fail to comply with Rule 17(b) by not
2    disclosing the testimony the defendant expects a witness to provide and why the testimony
3    is necessary.  *See United States v. Bottom*, 469 F.2d 95 (9th Cir. 1972) (applying same
4    standard as for a subpoena, court properly denied a writ for a witness based on a wholly
5    conclusory affidavit of the witness' anticipated testimony); *United States v. Morris*, 451
6    F.2d. 969, 971-72 (8th Cir. 1971) (holding it was not abuse of process for court to deny
7    issuance of Rule 17(b) subpoenas when witnesses denied they would testify to the
8    statements the defendant believed they would make); *Deitle v. United States*, 302 F.2d 116
9    (7th Cir. 1962) (upholding a denial of issuance of Rule 17(b) subpoenas because the
10   defendant failed to disclose the expected testimony of the witnesses).    Further,
11   "generalities…in…affidavit[s] are insufficient to make out a 'satisfactory showing' that
12   the witnesses are needed."  *United States v. Barker*, 553 F.2d 1013, 1020-21 (6th Cir.
13   1977).

14          When seeking to subpoena a government prosecutor, "a defendant [also] has an
15   obligation to exhaust other available sources of evidence before a court should sustain a
16   defendant's efforts to call a participating prosecutor as a witness." *United States v. Prantil*,
17   764 F.2d 548, 551 (9th Cir. 1985).   While "[the] defendant's obligation to resort to
18   alternative means of adducing factual testimony is not absolute," *id.* at 551-52, "a United
19   States Attorney who participates in prosecuting a case should not be called as a witness
20   'unless all other sources of possible testimony have been exhausted.'" *United States v.*
21   *West*, 680 F.2d 652, 654 (9th Cir. 1982) (quoting *United States v. Torres*, 503 F.2d 1120,
22   1126 (2d Cir. 1974)).

23
24
25
26
27   United States' Opposition to Defendant's Motion for Issuance
     of Trial Subpoenas for Department of Justice Employees
28   *United States* v. *Reid*, No. CR19-117JLR – 5

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

## III.    ARGUMENT

### A.    The Defendant Has Failed to Comply with Rule 17(b) and the Sought-After Testimony Is Irrelevant.

As a preliminary matter, the Defendant has failed to make the requisite showing to be entitled to the issuance of the requested subpoenas under Rule 17(b).  Other than the conclusory averment that the two government prosecutors' testimony as to the Defendant's and their own demeanor is "relevant" to the Defendant's guilt or innocence, Docket #77 at 3, the Defendant has failed to disclose what she anticipates either government prosecutor would say if called to testify in her defense.  *See, e.g., Deitle*, 302 F.2d 116 (upholding denial of subpoena on this basis alone).  The Defendant also has given no indication as to whether their anticipated testimony would be necessary or even useful to her defense.  Nor could she because neither the Defendant's demeanor nor that of either government prosecutor is relevant to the issues at hand.

Pursuant to Fed. R. Evid. 401, evidence is relevant if "it has a tendency to make a fact more or less probable than it would be without the evidence."  Irrelevant evidence is not admissible.  Fed. R. Evid. 402.  Even if relevant, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  "A defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions." *United States v. Scheffer*, 523 U.S. 303, 308 (1998).  Here, neither the Defendant's nor the government prosecutors' demeanor is relevant to the central question of whether the Defendant's testimony was false, whether she knew it was false, and whether it was material.  Moreover, as discussed below, the testimony the Defendant seeks through Mr. Wheatley and Mr. Jaffe would confuse the issues, mislead the jury, and needlessly present cumulative evidence.

United States' Opposition to Defendant's Motion for Issuance of Trial Subpoenas for Department of Justice Employees
*United States* v. *Reid*, No. CR19-117JLR – 6

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

1    As to her demeanor, the Defendant does not allege, nor could she, that either

2    government prosecutor knows the Defendant personally or outside of her Grand Jury

3    testimony.  Thus, their testimony would require these witnesses to offer their subjective

4    opinion as to whether they believed the Defendant was confused or intimidated.  "How a

5    defendant interprets a question obviously is not viewed subjectively, as that would compel

6    the jury to accept as conclusive the meaning a defendant alleges he gave to the stated

7    question, and no perjury prosecutions would ever result in convictions.  The test is therefore

8    and objective one."  *United States v. Lighte*, 782 F.2d 367, 373 (2nd Cir. 1986) (citations

9    omitted).  Further, questioning Mr. Wheatley and/or Mr. Jaffe about whether the Defendant

10   seemed confused or intimidated would inappropriately require speculation on their behalf

11   as to what the Defendant thought at the time of her false testimony.  Indeed, as the Federal

12   Rules of Evidence make clear, testimony addressing whether "the defendant did or did not

13   have a mental state or condition that constitutes an element of the crime charged or of a

14   defense . . .[are] matters . . . for the trier of fact alone."  Fed. R. Evid. 704(b).

15       Additionally, the testimony sought from the Defendant is not likely to reveal

16   confusion by, or intimidation of, the Defendant.  First, the Defendant does not allege, either

17   generally or specifically, what either government prosecutor would say with regard to the

18   Defendant's alleged confusion or intimidation.  Second, it is highly unlikely that either

19   prosecutor would testify that the Defendant's demeanor reflected any confusion.  To the

20   contrary, when the Defendant indicated any lack of understanding, the government

21   prosecutors took steps to ensure that she could speak to her legal counsel.  See Docket #52

22   at 4 (admitting that when she needed clarification about whether she had immunity, the

23   prosecutors paused their questioning and allowed her to speak with her attorney).  To

24   believe that the prosecutors would not have taken the same action had the Defendant

25   expressed confusion about the questions that prompted her alleged false statements defies

26   common sense. Similarly, the testimony of Mr. Wheatley and Mr. Jaffe is highly unlikely

27   United States' Opposition to Defendant's Motion for Issuance
     of Trial Subpoenas for Department of Justice Employees

28   *United States* v. *Reid*, No. CR19-117JLR – 7

to produce testimony that would show they intimidated the Defendant into committing perjury. Even a cursory review of the Grand Jury transcript confirms that the questioning was straightforward and there is nothing to indicate any intimidation. Lastly, the questions posed to the Defendant were not ambiguous[5] and she discussed the subject of these questions with the investigators during three separate interviews prior to testifying before the Grand Jury. Further, the Defendant's answers were clear and concise and could not be interpreted any way other than the unequivocal "no" answer she provided to both questions. Nothing in the Grand Jury transcript shows the Defendant struggled to answer either of these questions or was unsure of what the questions meant.[6] "For purposes of jury determination in interpreting allegedly perjurious statements, words that are clear on their face are to be understood in their common sense and usage." *United States v. Fulbright*, 804 F.2d 847, 851 (5th Cir. 1986).

Given the earlier defense motions in this case, there is reason for concern that any defense examination of government attorneys will devolve into an attack on Mr. Wheatley for his mistaken explanation of the order and on Mr. Jaffe for his alleged failure to rectify the explanation. Such examination would seek testimony that clearly is irrelevant and could only serve to confuse the jury or unfairly prejudice the government. The compulsion

[5] *Cf. Bronston v. United States*, 409 U.S. 352, 357 (1973) (holding that ambiguous and vague questions may lead to answers that may not support a perjury conviction) *with United States v. McKenna*, 327 F.3d 830, 841 (9th Cir. 2003) (quoting *United States v. Sainz*, 772 F.2d 559, 562 (9th Cir. 1991)) (holding that a "question leading to a statement supporting a perjury conviction is not fundamentally ambiguous where 'the jury could conclude beyond a reasonable doubt that the defendant understood the question as did the government and that so understood, the defendant's answer was false'").

[6] Additionally, during the Defendant's December 7, 2017 interview, she admitted to investigators that she originally answered affirmatively when investigators previously asked her on August 23, 2017 if Suspect #1 ever spoke with her about being involved in a murder. If, in fact, the Defendant was confused when asked this question during her Grand Jury testimony, it would seem, based on her earlier admission to investigators on December 7, 2017, that her answer would be "yes" to the questions asked. A copy of the report of this interview was filed with the Court with Docket #52. If the Court wishes another copy, the government will provide it to the Court.

United States' Opposition to Defendant's Motion for Issuance
of Trial Subpoenas for Department of Justice Employees
*United States* v. *Reid*, No. CR19-117JLR – 8

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

1    order, and Mr. Wheatley's description of it, had no bearing on the Defendant's unequivocal

2    answers of "no" to both questions posed to her in the Grand Jury.  First, the Defendant's

3    focus on Mr. Wheatley's explanation that the Defendant must "incriminate" herself would

4    imply that Mr. Wheatley sought an answer of "no" to both questions, a theory that belies

5    logic.  The government took great care to seek counsel for the Defendant prior to her

6    testimony and allowed her to speak with her attorney during the Grand Jury proceeding.  If

7    the government sought perjured testimony, it went to great pains to make it difficult to

8    obtain that perjured testimony.

9        Second, with regard to calling Mr. Jaffe, the Defendant makes the convoluted

10   argument that because Mr. Jaffe allegedly "left [Mr. Wheatley's] glaringly false

11   characterization of the compulsion order's mandate uncorrected," Mr. Jaffe's testimony is

12   somehow relevant to the Defendant's demeanor.  The Defendant notably fails to mention,

13   however, that Mr. Wheatley's statement was in fact promptly clarified by another

14   government prosecutor in attendance at the Grand Jury proceeding, Mr. Clymer.  If the

15   Defendant genuinely sought to call Mr. Wheatley and Mr. Jaffe to question them about the

16   Defendant's demeanor, the Defendant would also have sought the testimony of Mr.

17   Clymer.  That the Defendant has failed to do so exposes the real reason she seeks to call

18   Mr. Wheatley and Mr. Jaffe at trial, that is to disparage the government's conduct and

19   encourage the jury to decide this case on an inappropriate basis.

20       The Defendant's allegations of prosecutorial misconduct are irrelevant to the central

21   issues in the case and have already been addressed by this Court.  Because the compulsion

22   order does not "make a fact more or less probable than it would be without the evidence"

23   to establish the Defendant's alleged false answers, any testimony on this topic can only

24   mislead the jury, confuse the issues, and convince the jury that it should find the Defendant

25   not guilty on the basis of allegations of prosecutorial conduct, a matter inappropriate for

26   the jury to consider.  This "conflict[s] with the principle that 'it is the duty of juries in

27   United States' Opposition to Defendant's Motion for Issuance        ASSISTANT ATTORNEY GENERAL
     of Trial Subpoenas for Department of Justice Employees              1301 NEW YORK AVENUE, NW
                                                                         SUITE 700
28   *United States* v. *Reid*, No. CR19-117JLR – 9                      WASHINGTON, D.C. 20005
                                                                         (202) 514-3594

1   criminal cases to take the law from the court and apply that law to the facts as they find

2   them to be from the evidence.'"   *United States v. Simpson*, 460 F.2d 515, 519 (9th Cir.

3   1972) (quoting *Sparf v. United States*, 156 U.S. 51, 102 (1895)).

4          Further, the testimony the Defendant seeks regarding how the compulsion order was

5   explained to the Defendant is readily available in the Grand Jury transcript of the

6   Defendant's testimony. Calling Mr. Wheatley or any of the government prosecutors in

7   attendance at the Grand Jury proceeding to the witness stand to examine them about the

8   explanation of the order would clearly be cumulative.   It would also be improper

9   impeachment under Fed. R. Evid. 607 and 801(d)(1).

10          Finally, in a throwaway line at the end of her motion, the Defendant makes the

11   unsupported assertion that the testimony of Mr. Wheatley and Mr. Jaffe "would bolster the

12   defense challenge to the materiality of her alleged lie to the grand jury."  Docket #77 at 4.

13   Not only does the Defendant fail to describe what that anticipated testimony might be, but

14   the Defendant fails to explain how such testimony would even apply to the materiality

15   element.   The Defendant also fails to acknowledge that other witnesses, such as the

16   investigators, could testify as to the materiality of her false statements and in fact might be

17   better positioned to do so.  For all of these reasons, the Court should reject the Defendant's

18   subpoena request.

19   **B.     The Defendant Has Failed to Exhaust Other Alternative Sources of the**

20   **       Sought-After Evidence.**

21          In *United States v. Alu*, in a trial for perjury before a Grand Jury, the Assistant

22   United States Attorney who supervised the attorney presenting the government's case at

23   trial and previously participated in the underlying investigation, including drafting the

24   indictment, testified during trial.  Although the Second Circuit upheld the trial court's

25   admission of the AUSA's testimony, the Court "[felt] constrained to comment … upon the

26   propriety of calling [the AUSA] as a witness."  246 F.2d 29, 33 (2d Cir. 1957).  Noting the

27   United States' Opposition to Defendant's Motion for Issuance
of Trial Subpoenas for Department of Justice Employees
*United States* v. *Reid*, No. CR19-117JLR – 10

28

1    widely recognized prohibition against lawyers representing litigants being called as

2    witnesses in trials involving those same litigants, the Court stressed the importance of

3    seeking alternative sources of evidence outside of the testimony of the AUSA, including

4    the testimony of other percipient witnesses to the Grand Jury proceedings such as the

5    stenographer, the foreman, or another member of the Grand Jury.  *Id.* at 33-34 (citing *Dolan*

6    *v. United States*, 218 F.2d 454, 457-58 (8th Cir. 1955)).  Similarly, in *Torres*, the Second

7    Circuit reversed a conviction wherein an Assistant United States Attorney, who sat at

8    counsel table during the trial, witnessed an encounter between the defendant and a trial

9    witness and, subsequently, testified about the interaction.  The Court held that the district

10   court erred in allowing the AUSA to testify, stating that "[t]here was no showing that any

11   of the other people who were in the courtroom at the time [the witness and defendant]

12   allegedly conversed, such as marshals, court clerks, court reporters or interpreters, were

13   unavailable to testify."  *Torres*, 503 F.2d at 1126; *see also id.* ("A Government prosecutor

14   should not take the stand to impeach the testimony of Government witnesses unless it is

15   unavoidably necessary.") (citing *United States v. Pepe*, 247 F.2d 838 (2d Cir. 1957)).

16        Here, the Defendant seeks to call Mr. Wheatley, a government prosecutor who

17   participated in the Grand Jury investigation underlying this prosecution, including

18   conducting the questioning of the Defendant before the Grand Jury, and assisted in drafting

19   the indictment of the Defendant.  Similarly, the Defendant seeks to call Mr. Jaffe, Mr.

20   Wheatley's supervisor at the time of the Grand Jury investigation and indictment, who

21   attended but did not participate in the questioning of the Defendant before the Grand Jury.

22   As both Mr. Wheatley and Mr. Jaffe were indisputably government lawyers representing a

23   litigant in this case, the Court should not allow the Defendant to call either of them as

24   witnesses in the trial involving those same litigants absent a showing from the Defendant

25   that she has exhausted all other sources of alternative evidence.   If the Defendant's true

26   intention is to establish the demeanor of both herself and the government prosecutors

27   United States' Opposition to Defendant's Motion for Issuance
     of Trial Subpoenas for Department of Justice Employees
28   *United States* v. *Reid*, No. CR19-117JLR – 11

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

before the Grand Jury, there are certainly alternative sources of testimony available to the Defendant other than two prosecutors involved in the Grand Jury investigation.  As in *Alu*, the Defendant could call the Grand Jury stenographer or any member of the Grand Jury, either of whom could "[c]aptur[e] the full circumstance of the grand jury atmosphere in which [the Defendant] testified" and provide the demeanor testimony the Defendant purportedly seeks.  Docket #77 at 3.  Alternatively, the Defendant could seek to reach an agreement with the government on an appropriate stipulation for the sought-after demeanor evidence.  Notably, the Defendant has done none of the above, or even attempted to do so, and for this additional reason, the Court should deny the Defendant's subpoena request.

## IV.   CONCLUSION

For these reasons, Defendant's Motion for Issuance of Trial Subpoenas for Department of Justice Employees should be denied.[7]

Dated this 2nd day of December, 2020.

Respectfully submitted,

David L. Jaffe
Chief, Organized Crime and Gang Section

*s/Matthew K. Hoff*
MATTHEW K. HOFF
Trial Attorney

---

[7] If the Court is inclined to grant the Defendant's Motion, the government respectfully requests that prior to so doing, the Court initiate an inquiry to determine whether the witnesses are available and their anticipated testimony would be useful to the Defendant.  *See United States v. Barker*, 553 F.2d 1013, 1020 (6th Cir. 1977); *see also United States v. Morris*, 451 F.2d. 969, 971-71 (8th Cir. 1971) (holding it was not abuse of process for the Court to deny issuance of Rule 17(b) subpoenas when witnesses denied they would testify to the statements the defendant believed they would make).

Also, if the Court grants the Defendant's Motion, the Defendant will need to comply with the Department of Justice *Touhy* regulations, pursuant to 28 C.F.R. § 16.23.  Subsequently, the Defendant's request will require a review by Department of Justice officials.

United States' Opposition to Defendant's Motion for Issuance
of Trial Subpoenas for Department of Justice Employees
*United States* v. *Reid*, No. CR19-117JLR – 12