Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CR19-117 JLR |
| v. | **MOTION FOR A TRIAL WITHOUT COVID-RELATED RESTRICTIONS OR, ALTERNATIVELY, A TRIAL CONTINUANCE** |
| SHAWNA REID, | |
| Defendant. | |
| | **Oral argument requested** |
| | Noted: July 2, 2021 |

**Motion**

Defendant Shawna Reid, through undersigned counsel, moves for a trial free of Covid- related restrictions. Specifically, she asks that mask-wearing in the courtroom remain optional for trial participants and the public, alike, and that no mask mandate apply. To further promote visual and auditory clarity, she also asks for the removal of Plexiglass barriers in the courtroom. Finally, she objects to the exclusion from the courtroom of any member of the public wanting to attend and witness the trial firsthand.

Motion for a Trial Without
Covid-Related Restrictions
or, Alternatively, a Trial Continuance

1

Law Office of Robert Gombiner
05 2nd. Ave. Suite 1500
Seattle WA 98104
(206) 622-1604

If the court determines that these accommodations somehow create too high of a risk to public health and safety, the defense requests a continuance of the trial date until such time as that risk from these simple accommodations is deemed acceptable. This motion is brought to protect due process and fair trial rights guaranteed to Ms. Reid by the Fifth and Sixth Amendments to the United States Constitution.

**Introduction**

The Foo Fighters [founded in Seattle in 1994] played a sold-out concert on the evening of June 20, 2021, before a sold-out crowd at Madison Square Garden. According to the New York Times, the audience was "squeezed together like sardines" and almost no one wore a mask. Everyone who attended the concert was required to show proof of being vaccinated against COVID. *New York Times,* 6/22/2021.

Yesterday, a mere day after this concert, the Western District of Washington issued a general order continuing all COVID-based restrictions on in-person court proceedings for another 90 days.[1]

These events followed the recent status conference when the Court set forth rules for the July 13, 2021, trial in this case. These rules require everyone in the courtroom

---

[1] The defense is aware of notes from the Full Resumption of Operations Organizing Committee meeting held on June 16, 2021, attached as Exhibit 1. Implementation of the steps referenced in the notes would moot a number of the motion requests made here. It is unclear to counsel when the steps regarding masks and partitions will take effect.

Motion for a Trial Without
Covid-Related Restrictions
or, Alternatively, a Trial Continuance

2

Law Office of Robert Gombiner
05 2nd. Ave. Suite 1500
Seattle WA 98104
(206) 622-1604

to wear a mask, except when speaking, the presence of Plexiglas partitions in the courtroom, and the exclusion of the public and press from the courtroom with access to a Zoom feed substituting for in-person presence.

The current directive from the Center for Disease Control states that persons who are fully vaccinated against COVID can safely resume activities, both outdoors and indoors, without wearing masks.

At the recent status conference Ms. Reid made clear that she wanted a full in-person ("visceral") trial. The defense was aware that the Western District would be issuing an up-dated COVID order and had hoped that the new Order, informed by increasingly optimistic input from the CDC, would render this motion unnecessary. Now, however, that the Order keeps the current regulations unchanged, it is necessary to address the COVID-related restrictions set forth at the status conference.

This motion relies on science and the Constitution. The specific requests are based on both defense counsels' experience at the hearing and on information from attorney Stephen Illa regarding a trial he conducted a few weeks ago before Judge Coughenour. All the requests are designed to promote greater fairness, reduce visual and auditory barriers, and allow for the public and press to be present in person.

The defense appreciates both the serious problems caused by the pandemic and the efforts of the Western District of Washington and this Court, in particular, to

Motion for a Trial Without
Covid-Related Restrictions
or, Alternatively, a Trial Continuance

3

Law Office of Robert Gombiner
05 2nd. Ave. Suite 1500
Seattle WA 98104
(206) 622-1604

minimize the risks posed by an in-person trial.  But this must be balanced against Ms. Reid's constitutional right to a fair and public trial.  Such a trial is readily achievable, either now with the requested accommodations, or at a later time when the perceived risk is lessened and the accommodations occur in due course.

## Masks

The defense asks that all participants, including prospective jurors and court security, be questioned as to their vaccination status.  Anyone who has been fully vaccinated should not be required to wear a mask.

Many people (undersigned counsel included) find face masks to be uncomfortable, distracting, and an impediment to speaking clearly, particularly over an extended time period.  Face masks obscure facial expressions and make evaluating demeanor and body language far more difficult.   One study found that the perceptions of persons wearing lower face coverings is distorted, such that negative emotions of the mask wearer (i.e., anger or  fear, which is reflected primarily in the eyes) is much more apparent than positive emotions (i.e., happiness, which is reflected primarily by the mouth).  Calbi M, Langiulli N, Ferroni F, Montalti M, Kolesnikov A, Gallese V, Umiltà MA. *The consequences of COVID-19 on social interactions: an online study on face covering.* Sci Rep. 2021 Jan 28;11(1):2601. doi: 10.1038/s41598-021-81780-w. PMID: 33510195; PMCID: PMC7844002.   The masking implications for Ms. Reid

Motion for a Trial Without
Covid-Related Restrictions
or, Alternatively, a Trial Continuance

4

Law Office of Robert Gombiner
05 2nd. Ave. Suite 1500
Seattle WA 98104
(206) 622-1604

and her attorneys, whose negative emotions would be perceived more readily that their positive ones, undercut her presumption of innocence (surely associated with her happiness).

Until recently, the positive impact of mask requirements (great risk reduction) vastly outweighed whatever inconvenience they caused. But now, with the advent of wide-spread vaccination, that is no longer the case. The medical consensus (the CDC) suggests that the vaccine is highly effective at both providing individual protection and in making persons less likely to spread the virus to others. The CDC says vaccinated persons do *not* need to wear masks, even while being around other people indoors. It notes some places where vaccinated people should still wear masks, but courtrooms are not on the list.

In *United States v. Sam*, a case recently tried by jury before Judge Coughenour, the Court asked all prospective jurors their vaccination status and excused for hardship all persons who had not been vaccinated. The trial proceeded with none of the participants, including the Court, the lawyers, or the jury wearing masks. Although the jurors were initially socially distanced, they asked to all sit together in the jury box and this request was granted. Defense counsel in that case, Stephan Illa reported that the trial went smoothly despite the absence of masks or social distancing.

Motion for a Trial Without
Covid-Related Restrictions
or, Alternatively, a Trial Continuance

Law Office of Robert Gombiner
05 2nd. Ave. Suite 1500
Seattle WA 98104
(206) 622-1604

5

The caselaw on COVID-related mask requirements is sparse. *United States v. Tagliaferro,* 2012 U.S. Dist. Lexis 62898 (S.D.N.Y. , March 30, 2021) rejects a confrontation clause challenge to mask wearing requirements. However, this challenge apparently only concerned witnesses, who were allowed to testify not wearing a mask. *Tagliaferro* does not address the problems created by the parties not being able to observe the juror's facial expressions or the discomfort and distraction that wearing a mask may engender.

Mask wearing requirements raise other problems. The parties often exercise peremptory challenges based on demeanor. For example, if the defense notices that a juror is looking askance at the defendant, that juror might well be peremptorily challenged. If, however, the prospective juror is masked, the defense will miss that opportunity.

Defense counsel needs to be able to communicate with his client during trial. Such communication is part and parcel of the right to effective assistance of counsel. But if both counsel and the defendant are wearing a mask, whispering, the traditional means of communicating in court, becomes more onerous. Jurors look at defendants to gauge their reactions to testimony. Wearing a mask hinders such observations and potentially deprives a defendant from conveying her humanity or a demeanor consistent with innocence.

While it may be *possible* to conduct a trial with everyone wearing a mask, this arrangement is far from optimal. The confrontation clause recognizes the importance of face-to-face encounters. Through common sense and experience we rely on

Motion for a Trial Without
Covid-Related Restrictions
or, Alternatively, a Trial Continuance

6

Law Office of Robert Gombiner
05 2nd. Ave. Suite 1500
Seattle WA 98104
(206) 622-1604

people's facial expressions as an important means of evaluating their demeanor and conveying and receiving social cues. Since the scientific evidence suggests that vaccinated persons can safely congregate indoors *without* wearing a mask, Ms. Reid should not have to sacrifice the benefits of a trial conducted in pre-COVID fashion. If the Foo Fighters can hold an unmasked concert, Ms. Reid should be able to have an unmasked trial.

## Plexiglas Partitions

As best as counsel can determine there is little to no scientific evidence that Plexiglas shields prevent COVID transmissions. See "Why Face Shields and Plexiglass barriers don'[t] Block Coronavirus", *Forbes*, October 23, 2020. But they unquestionably interfere with and even distort sound transmission. Mr. Illa reports having difficulty hearing during the *Sam* trial because witnesses testified behind a Plexiglass partition barrier and that he was frequently forced to ask witnesses to repeat testimony. At the recent status conference both undersigned counsel noticed that the Court's remarks seemed muffled and difficult to hear. In the absence of some credible scientific evidence to justify the Plexiglas partitions, they appear to be little more than "optics" or "hygiene theatre", designed to give the appearance of combatting the virus but actually not accomplishing much. In the interests of clarity for all concerned, the defense asks that all such partitions be removed.

Motion for a Trial Without
Covid-Related Restrictions
or, Alternatively, a Trial Continuance

7

Law Office of Robert Gombiner
05 2nd. Ave. Suite 1500
Seattle WA 98104
(206) 622-1604

### Public Access

The Constitution guarantees that trials must be open to the public. The Constitution's framers did not have Zoom in mind when they created this guarantee. Watching a trial by Zoom one sees only the person who happens to be speaking, rather than the whole panoply of activity that constitutes a jury trial. It is doubtful that anyone would ever watch a courtroom drama if it had to filmed under Zoom constraints.

Ms. Reid's case has already been featured in the local press. It is a case of significant public interest. The public and the press should be allowed unfettered access to the courtroom to watch the trial.

The defense moves that the trial be open to the public and press and that persons who present proof of vaccination be allowed to attend without a mask.

As with the other requests, this one is feasible, consistent with the CDC guidelines, and endangers no one.

### Continuance

The defense will be ready for trial on July 13. However, if the Court is not willing to grant the requests in this motion, it moves for a continuance until such time as Ms. Reid can have a trial under the conditions that prevailed before COVID.

Motion for a Trial Without
Covid-Related Restrictions
or, Alternatively, a Trial Continuance

8

Law Office of Robert Gombiner
05 2nd. Ave. Suite 1500
Seattle WA 98104
(206) 622-1604

Ms. Reid is out of custody and in current compliance with her bond conditions. The subject of the trial concerns statements made by her in 2017 about events occurring many years before then. Given these circumstances, no urgency exists that justifies holding a trial that trenches on Ms. Reid's rights to a fair and open proceeding.

Respectfully submitted this 22nd day of June, 2021.

/s/ Robert Gombiner, WSBA # 16059
/s/ Michael Nance,. WSBA # 13933
Attorneys for Shawn Reid

Motion for a Trial Without
Covid-Related Restrictions
or, Alternatively, a Trial Continuance

9

Law Office of Robert Gombiner
05 2nd. Ave. Suite 1500
Seattle WA 98104
(206) 622-1604

**Certificate of Service**

I hereby certify that on the 22nd day of June, 2021, I electronically filed the foregoing with the clerk of the court using the CM/ECF system. Notice and copies of this filing will be sent electronically to counsel of other parties who are parties to the ECF system.

/s/ Michael Nance, WSBA # 13933

Motion for a Trial Without
Covid-Related Restrictions
or, Alternatively, a Trial Continuance

10

Law Office of Robert Gombiner
05 2nd. Ave. Suite 1500
Seattle WA 98104
(206) 622-1604