**FULL RESUMPTION OF OPERATIONS ORGANIZING COMMITTEE MEETING**
**(1:15 pm, June 16, 2021) NOTES**

**Organizing Committee Members:** Senior District Judge Benjamin Settle, Magistrate Judge Michelle Peterson, Mark Hatcher (Bankruptcy Court Clerk), Ravi Subramanian (District Court Clerk), Gretchen Frederich (Court Liaison Officer/Emergency Preparedness Coordinator)

1. **General Discussion**
   a. **Timeline:** All June trials have been set. Governor Inslee plans to reopen the state starting 6/30/2021. Unless the health metrics drastically change for the worse, the Court plans to:
      i. On July 1st – Open the courthouses (with some restrictions) to the public and staff at approximately 75% of regular occupancy.
      ii. On September 1st – Open the courthouses (maybe with no restrictions depending on community public health status) to the public and staff at approximately 100% regular occupancy.
      iii. Note: 75% and 100% staffing levels are meant as transitional guidelines; this is not a directive.
   b. **Restrictions Based on Vaccine Status:**
      i. Vaccine status is either fully vaccinated or unvaccinated (includes people who are unwilling to get vaccinated, those who are immunocompromised or have health conditions that prevent them from getting vaccinated, or people who are fully vaccinated but choose to wear a face covering due to their hesitancy in public).
      ii. Use CDC and WA State guidelines to determine resumption of operations and not consider post-COVID immunity, duration of antibodies, and other factors at this time.
   c. **Telework Policy:**
      i. Support the continued use of telework and flexible scheduling. Telework has clear benefits to staff and the court.
      ii. Each court unit (chambers, district and bankruptcy clerk's offices, probation and pretrial services) should use flexible scheduling going forward. Individuals will work with their judge, team, or supervisor to determine how to adjust their schedules as we reopen, based on the needs of the Court.
         For example, the District Court Clerk's Office will follow a general scheduling guideline of 3 telework days and 2 in-office days starting July 1st and 2 telework days and 3 in-office days starting September 1st. Teams and Administrative Services will determine schedules based on the above parameters.

1

The Bankruptcy Court Clerk's Office plans to increase the number of days in the office every pay period starting on July 1st. Each judge will determine chambers' staff schedules.

    **d. CARES Act**

       i. Chief Judge Martinez plans to extend it for 90 days from June 21st to around September 18th out of an abundance of caution.

      ii. For later discussion: If President Biden lifts the emergency declaration, the CARES Act might expire.

          1. Ravi to ask USAO and FPD to identify any trials that need to be prioritized.

          2. Judge Peterson will reexamine the CARES Act.

    **e. Regressing Back to Phase 2 or 1**

       i. The Court will be prepared to return to Phase 2 or 1 as indicated by local, state, or federal guidelines, or public health data such as a sustained upward trend of cumulative daily confirmed COVID-19 positive cases, hospitalizations, and/or deaths.

      ii. Developments with variants, such as the Delta Variant and Alpha Variant, may also influence our plans to resume normal operations.

**2. Specific Items**

    **a. Conditions of Entry**

       i. Face Coverings: Only required for unvaccinated individuals. Optional for fully vaccinated individuals.

      ii. Health Screening Questions: Revise the questions to state:

          1. If your answer is "yes" to the following questions, please do not enter the building:

              a. Are you currently diagnosed with COVID-19?

              b. Within the last 10 days, have you experienced any symptoms of COVID-19? The principal symptoms include: cough, fever or chills, muscle/body aches, difficulty breathing, and/or new loss of taste or smell.

          2. Add language to sign about vaccination status as follows:

              a. Fully Vaccinated individuals are not required to wear face coverings in the building but may choose to wear them depending on each person's preference and health status.

              b. Individuals who are **NOT FULLY VACCINATED** are required to wear a face covering or mask to cover their nose and mouth while in the courthouse. Those who cannot safely do so are required to wear a face shield.

              c. Individuals who are **NOT  FULLY VACCINATED** are required to remain physically distanced in the courthouse.

**b. Courthouses' Public Spaces**
   i. Face Coverings and Physical Distancing is only required for unvaccinated individuals.
   ii. Maximum Occupancy and Traffic Patterns are no longer necessary.
   iii. Enhanced GSA Cleaning is only performed if someone discloses a COVID positive test result; GSA will continue to inform the Court and other tenants for contact tracing purposes.

**c. Fitness Centers** (based on CDC and WA state guidance)
   i. Can be used by fully vaccinated individuals without restrictions.
   ii. Unvaccinated individuals will need to wear a mask, maintain physical distance, limit their use of the space to 45 minutes, and abide by any posted occupancy limits.
      1. Gretchen will work with GSA to determine 50% occupancy limits based on square footage of these spaces.

**d. Courtrooms**
   i. Face Coverings and Physical Distancing are only required for unvaccinated individuals.
   ii. Plexiglass can be removed and stored in case we revert to Phase 2 or 1.
   iii. Face Shields and PPEs will be available to use as needed.
   iv. Air Purifiers
      1. Our building systems are limited to 3.5 air exchanges per hour. (Ideal is to have 6-8 exchanges per hour.)
      2. Additional air purifiers will be stored and available to use when unvaccinated individuals are present in courtrooms with high occupancy (more than 35 people) for 6 hours or more.
      3. Will need to purchase air purifiers before the CARES Act exception expires.
   v. Second Courtroom for Jury Deliberations can be used if unvaccinated individuals or people with face coverings are part of the jury, otherwise the jury room can be used.
      1. If a Second Courtroom is unavailable, the jury can deliberate in the trial courtroom and other trial participants will relocate to alternate space.
   vi. Maximum Occupancy limits are not necessary for fully vaccinated individuals. A limit may need to be set depending on the number of unvaccinated individuals or those wearing face coverings who will need to be physically distanced. The maximum district judge courtroom occupancy with everyone physically distanced is 35 and the maximum magistrate judge courtroom occupancy is 20.
   vii. Enhanced GSA Cleaning only performed if someone discloses a COVID positive test result; GSA will continue to inform the Court and other tenants for contact tracing purposes.

3

      viii.  Presence of Spectators/Public/Media can be determined on a case-by-case basis by the presiding judge; the CRD or judge will notify Ravi to communicate with the media.  For later discussion: Notify the Bar and Media about ongoing use of Zoom civil trials. The presiding judge will likely determine who is allowed to attend a trial and by what means. There will likely be no restrictions unless it is a high profile / attendance trial. If a judge is unable to accommodate the number of people in one courtroom, an overflow courtroom can be set up.

**e. Court Proceedings**

    i.  Number of Non-trial Proceedings: No Limit

    ii.  Number of In-Person or Hybrid Trials: Limited to 2 jury selections per day in the District in July and August; will need to consult with Jeff and Daisy about simultaneous Zoom trials with in-person trials if they can accommodate more than 2 jury selections.

    iii.  Criminal Trials: Determine the current backlog with the assistance of the USA and FPD for the next 60 days and then a establish a weekly rolling report to decide priority.

    iv.  Civil Trials: Proceed if the schedule permits.

**f. Jury Management**

    i.  Juror Surveys (suggestions for judges)

        1.  AO has not provided guidance regarding asking jurors their vaccine status. Asking jurors the vaccination status question does not violate HIPAA. Judges could state that the question is necessary for the purposes of the trial and the responses will not be shared outside of that context, i.e., vaccination status will be shared only with lawyers and court staff.

        2.  Judges could include a vaccination status question: Are you fully vaccinated? If not, are you willing to participate in jury service while wearing a mask and physically distancing?

        3.  Ask lawyers if they would object to jurors being asked this question and why.

    ii.  Juror Summons will continue with language regarding COVID hardships, precautions, and options, and should include statements about vaccination status.

    iii.  Physical Distancing and Occupancy Limits in Jury Assembly Rooms will only be necessary when unvaccinated individuals are present.

**g. Miscellaneous Items**

    i.  The Court will continue to maintain a stock of Pandemic supplies and recommends other tenants do the same.

    ii.  Contact Tracing will only occur if someone discloses a COVID positive test result.

iii. Contact Tracing Logs no longer need to be kept by staff. A notification will be sent to all staff if there is a positive COVID case in the courthouse(s).

iv. Interior and Exterior Signage will be updated based on Committee decisions on the above items.

v. Business Travel: Local business travel is approved; out of state business travel is determined by the judge for chambers staff and by CUEs for their units; pending AO guidance. Unvaccinated individuals do still need to quarantine for 14 days when returning from out of state travel. Fully vaccinated individuals do not need to quarantine after travel.

vi. Drop Boxes will remain in public space for both the District Court and Bankruptcy Court.

vii. Suggestions for how to talk about vaccine status with your colleagues will be included in forthcoming guidance. It is recommended that you share your fully vaccinated status and state it is acceptable for any others present to take off their mask, if they too are fully vaccinated and feel comfortable doing so.

viii. CVB Calendar: Judge Peterson will confer with the other Magistrate Judges on this topic and other magistrate judge court proceedings at the upcoming Magistrate Judge Workshop.

Full Resumption of Operations Committee (FROC) meeting scheduled for 1:15, Thursday, June 23, 2021.

Committee members include:
Hon. Benjamin H. Settle, Senior District Judge (Co-Chair)
Ravi Subramanian, District Court Executive/Clerk of Court (Co-Chair)
Hon. Michelle Peterson, Magistrate Judge
Hon. Marc Barreca, Chief Bankruptcy Judge
Mark Hatcher, U.S. Bankruptcy Clerk of Court
Michael Markham, Assistant Deputy Chief U.S. Probation Officer
Dennis Carroll, Assistant Federal Defender
Sarah Vogel, Assistant U.S. Attorney
Jamie Lisagor, President, FBA
Molly Terwilliger, FBA
Donrien Stephens, Assistant Chief Deputy U.S. Marshal
George Cho, Supervisory Attorney, Federal Bureau of Prisons
Doreen Im, GSA Lead Facility Manager
Mary McKenny, IT Director / Tony Duck, IT Operations Specialist
Gretchen Frederich, Emergency Preparedness Coordinator/Court Liaison Officer
Jeff Humenik, Jury Administrator
Andy Quach, Magistrate Judge Courtroom Deputy (Seattle)
Kelly Miller, Magistrate Judge Courtroom Deputy (Tacoma)
Victoria Ericksen, Courtroom Deputy

5