Honorable James Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR19-117 JLR |
| | ) | |
| Plaintiff, | ) | DEFENSE IN LIMINE MOTION TO |
| v. | ) | REFER TO "SUSPECT #1" BY REAL |
| | ) | NAME IN TESTIMONY AND |
| | ) | EXHIBITS |
| SHAWNA REID, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The defense moves in limine to require that, during testimony and in all admitted exhibits, the person currently denominated "suspect 1" be referred to by his real name. The use of the moniker "suspect #1", or even the government's proposal to only refer to him by his initials, would be deeply prejudicial and should not be allowed.

To anyone with even a nodding familiarity with Ms. Reid or her background and a desire to know, the true name and identity of suspect #1 is hardly a secret. Numerous news articles about this case have referenced him. For example, a Seattle Times article describes "suspect #1" as a "38-year old man from Camano Island" and a "former boyfriend" of Ms. Reid's. *Seattle Times*, 9/5/2019 article.

He appears in publicly available court records in several jurisdictions. The government's interest in "suspect #1" is obviously known to him. The government's (ill-advised) decision to charge Ms. Reid has opened the barn door as to "Suspect 1's" identity and name, and redactions in the name of "secrecy" are futile gestures.

Using "suspect #1" instead of his actual name strongly suggests that "suspect #1" was involved in Tom Wales' murder and was therefore more likely to have confessed his involvement to his girlfriend. By contrast, referring to him by his real name, as occurred in the interviews of Ms. Reid and in her grand jury testimony, poses no such risk. The government cannot be allowed to advance its case by using an artificial name that reeks of criminality and taints anyone associating with that name.

In any event, the late-breaking revelation of an audiotape of the grand jury proceedings renders moot the government's efforts to refer to "suspect #1" by initials. Suspect #1's true name is audibly referenced over fifty (50) times during Ms. Reid's grand jury appearance. Redacting the audiotape (if that was even possible to do without destroying the flow of testimony) would be impractical and artificially alter the evidentiary value of the tape to Ms. Reid's detriment.

In a public trial the audiotape of Ms. Reid's grand jury testimony is the evidentiary centerpiece. Suspect #1's actual name cannot be concealed without distorting what happened in the grand jury. The revelation of suspect #1's actual name —already a very poorly-kept secret — is simply a cost of publicly charging Ms. Reid with a crime.

Respectfully submitted this 6th day of July, 2021.

/s/ Michael Nance, WSBA #13933

/s/ Robert Gombiner, WSBA #16059

Attorneys for Shawna Reid

## Certificate of service

I hereby certify that on the 6th day of July, 2021, I electronically filed the foregoing with the clerk of the court using the CM/ECF system. Notice of this filing will be sent electronically to counsel for other parties of record.

/s/ Michael Nance

Michael Nance
Attorney at Law
P.O. Box 11276
Bainbridge Island, WA 98110
(206) 624-3211

[Nothing in the evidence produced to the defense either the FBI reports on this case or the grand jury transcript itself that "suspect 1" is in fact a person who the grand jury is investigating and not a scintilla of evidence has been produced as to what, if any evidence, supports the notion that "suspect #1" had any role in the murder of Tom Wales.]

Just as the court would disallow a witness to be called "credible witness #1" instead of by name as an obvious comment on the evidence, the appellation "suspect #1" is just as harmful and unnecessary.

Michael Nance
Attorney at Law
P.O. Box 11276
Bainbridge Island, WA 98110
(206) 624-3211