Honorable James Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR19-117 JLR |
| | ) | |
| Plaintiff, | ) | DEFENSE MOTION TO DISMISS |
| | ) | BASED ON BINDING ADMISSION |
| v. | ) | OF STATUTORY DEFENSE |
| | ) | |
| SHAWNA REID, | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant Shawna Reid, through counsel, moves to dismiss the charges herein based on the government's explicit admission, in its Trial Brief (Dkt. #112), that, in the same grand jury proceeding, she recanted the testimony for which she is now indicted.

Factual assertions in pleadings are "conclusively binding" on the party who made them. *Am. Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d. 224, 226 (9th Cir. 1988). The district court has the discretion to consider as a binding admission a statement in a trial brief. *Id*. at 226.

It is a complete defense to a charge of perjury or false statements, that in the same proceeding, the defendant recants the statement that forms the basis for the

charges.  Once the defendant raises this defense, the government must disprove it beyond a reasonable doubt.  *United States v. Tobias*, 863 F.2d. 685 (9th Cir. 1988).

Here, the government has charged Ms. Reid with false declarations and obstruction of justice because she allegedly testified to the grand jury on February 28, 2018:

> Q:  In your first interview, did you say to the FBI that [Suspect #1] bragged to you about [Suspect 1's] involvement in the murder of a 'quote, judge or an attorney that live on top of a hill', end quote?
>
> A.  No.
>
> Q.  In your first interview, did you say to the FBI that [Suspect #1] bragged that the murder victim was someone of importance like a judge or an attorney general?
>
> A.  No.

In its trial brief, the government admits as a matter of fact that:

> "*Defendant ultimately conceded that she told investigators during her August 23, 2017 interview that Suspect #1 told her he had been involved in a murder of a judge or attorney who lived on a hill.  The Defendant also conceded that during this interview she stated Suspect #1 drove her by the house where the murder occurred.  However, the Defendant claimed she was mistaken in telling the investigators this information and Suspect #1 never told her he was involved in a murder nor had he driven her by a house where such a murder occurred.*"

Govt. Trial Br. at 6. (Emphasis supplied.)

This is an explicit admission that Ms. Reid recanted the statements for which she is charged.

Apparently, the government is upset that Ms. Reid did not admit that suspect #1 actually made the statement she attributed to him, in the government's account, at the initial interview. However, Ms. Reid is not charged with lying about what suspect #1 actually said. Indeed, there is no evidence at all about what suspect #1 actually said or didn't say, other than Ms. Reid's alleged statement. It is also irrelevant as to what prompted Ms. Reid to recant. The only thing that matters is that she *did* recant during the same proceeding and, due to the government's admission, this is no longer at issue.

The defense does not admit or concede that Ms. Reid made the specific statements alleged in the Indictment. But, regardless of what Ms. Reid did nor did not say on August 23, 2017, the government now admits that she recanted the denials about what she said on August 23, 2017 that underlie the Indictment in the same proceeding.

Accordingly, the charge must be dismissed.

Respectfully submitted this 6th day of July, 2021.

/s/ Michael Nance, WSBA #13933
/s/ Robert Gombiner, WSBA #16059
Attorneys for Shawna Reid

## Certificate of Service

I hereby certify that on the 6th day of July, 2021, I electronically filed the foregoing with the clerk of the court using the CM/ECF system. Notice of this filing will be sent electronically to counsel of record for other parties.

/s/ Michael Nance
email:  michaelnancelaw@gmail.com

Michael Nance
Attorney at Law
P.O. Box 11276
Bainbridge Island, WA 98110
(206) 624-3211