The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                          Plaintiff,

        v.

SHAWNA REID,

                          Defendant.

CASE NO. CR19-117 JLR

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS BASED ON BINDING ADMISSION OF STATUTORY DEFENSE**

The United States of America, by and through its counsel of record, Nicholas L. McQuaid, Acting Assistant Attorney General, United States Department of Justice, and Matthew Hoff and Christina Taylor, Department of Justice Trial Attorneys, respectfully submits this opposition to Defendant Shawna Reid's Motion to Dismiss Based on Binding Admission of Statutory Defense.  [Docket #133].

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 29, 2021, the Government filed its trial brief in advance of the previously scheduled trial date in this matter of July 13, 2021.  In the factual background section of the Government's trial brief, the Government informed the Court that it intended to introduce certain evidence during the trial.  *See* Docket # 112 at 3-6.  Included in that

United States' Opposition to Defendant's Motion to
Dismiss Based on Binding Admission of Statutory Defense
*United States* v. *Reid*, No. CR19-117JLR – 1

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

1  section, the Government informed the Court that it intended to introduce evidence related

2  to the Defendant's February 28, 2018 Grand Jury testimony.

3       Specifically, the Government described portions of the Defendant's Grand Jury

4  testimony, including that the Defendant, during her testimony, "denied telling investigators

5  during her first interview on August 23, 2017 that Suspect #1 bragged about being involved

6  in the murder of a judge or attorney who lived on a hill." *Id*. at 5.  Further, the Government

7  informed the Court that it intended to introduce evidence that the "Defendant also

8  specifically denied telling investigators during her first interview that Suspect #1 bragged

9  that the murder victim was someone of importance like a judge or an attorney general." *Id*.

10  at 5-6. These denials are the subject of Count One of the Indictment that charged the

11  Defendant with False Declaration Before the Grand Jury, in violation of 18 U.S.C. § 1623.

12  The Government also informed the Court that it intended to introduce evidence that during

13  the Defendant's Grand Jury testimony,  she "ultimately conceded that she told investigators

14  during her August 23, 2017 interview that Suspect #1 told her he had been involved in a

15  murder of a judge or attorney who lived on a hill."  *Id*. at 6.  However, the Government

16  also described how the Defendant attempted to explain her inconsistent testimony in that

17  "the Defendant claimed she was mistaken in telling the investigators this information and

18  Suspect #1 never told her he was involved in a murder nor had he driven her by a house

19  where such a murder occurred."  *Id*.

20       The Defendant now claims that the Government's statement in its trial brief that the

21  Defendant "ultimately conceded" that she made the August 23, 2017 statements to

22  investigators is "an explicit admission that Ms. Reid recanted the statements for which she

23  is charged."  Docket #133 at 3.  Although the Defendant further refused to "admit or

24  concede that Ms. Reid made the specific statements alleged in the Indictment," *id*., the

25  Defendant now contends that this single statement in the Government's trial brief warrants

26

27  United States' Opposition to Defendant's Motion to
   Dismiss Based on Binding Admission of Statutory Defense
28  *United States* v. *Reid*, No. CR19-117JLR – 2

1    dismissal of the indictment.  The Defendant is mistaken as both a matter of fact and law,
2    and the Court should therefore deny the motion to dismiss.

3    ## II.    GOVERNING LAW

4    "[S]tatements of fact contained in a brief *may* be considered admissions of the party
5    in the discretion of the district court." *American Title Ins. Co. v. Lacelaw Corp*., 861 F.2d
6    224, 227 (9th Cir. 1988) (emphasis in original).  "Normally, failure to contend that an
7    opposing party's admission barred entry of conflicting evidence is a waiver of the argument
8    that the issue was conclusively settled." *Id*.

9    18 U.S.C. § 1623(d) expressly provides that:

10   "Where, in the same continuous court or grand jury proceeding in which a
11   declaration is made, the person making the declaration admits such
     declaration to be false, such admission shall bar prosecution under this
12   section if, at the time the admission is made, the declaration has not
13   substantially affected the proceeding, or it has not become manifest that such
     falsity has been or will be exposed.

14
15   "[T]he recantation claim is one that should be raised with the district court before trial" and
16   "the repudiation issue is one for the court itself." *United States v. Wiggan*, 700 F.3d 1204,
17   1217 (9th Cir. 2012).[1]  "In fact, '[i]t is common ground that the issue whether an effective
18   and timely recantation has been made is one of law to be decided by the court.'"  *Id*.
19   (quoting *United States v. Goguen*, 723 F.2d 1012, 1017 (1st Cir. 1983)).

20   To satisfy 18 U.S.C. § 1623(d), "a defendant must unequivocally repudiate his prior
21   testimony."  *United States v. Tobias*, 863 F.2d 685, 688 (9th Cir. 1988).  "Recantation
22   requires a defendant 'to renounce and withdraw' the prior statement."  *Wiggan*, 700 F.3d
23   at 1216 (citing *Llanos-Senarillos v. United States*, 177 F.2d 164, 166 (9th Cir. 1949)).  It

24
25   _____
26   [1] Should the Court deny the Defendant's Motion to Dismiss, the Defendant should be precluded from
     submitting a recantation defense to the jury at trial.  *See Wiggan*, 700 F.3d at 1217.

27   United States' Opposition to Defendant's Motion to                    ASSISTANT ATTORNEY GENERAL
     Dismiss Based on Binding Admission of Statutory Defense                    1301 NEW YORK AVENUE, NW
28   *United States* v. *Reid*, No. CR19-117JLR – 3                                      SUITE 700
                                                                              WASHINGTON, D.C. 20005
                                                                                   (202) 514-3594

1  is not enough that a Defendant "merely attempted to explain his inconsistent statements."
2  *Tobias*, 863 F.2d at 689.  "Mere attempts to 'clarify' rather than actually change one's
3  testimony will not do."  *Wiggan*, 700 F.3d at 1216.

### III.    ARGUMENT

#### A.    The Government Did Not Admit the Defendant Recanted Her Prior Statements in Its Trial Brief.

7   While the Court *may* consider a "statement of fact" by the Government in its trial
8  brief as an admission by the Government, the relevant portions of the factual background
9  section of the Government's trial brief is simply evidence that the Government intends to
10 introduce at trial, evidence which, seemingly, the Defendant intends to challenge at trial.
11 *American Title Ins. Co.*, 861 F.2d at 227.  Nowhere in the Government's trial brief did the
12 Government submit that the Defendant, either expressly or implicitly, recanted her prior
13 statement.  The Government only explained that it sought to introduce evidence of the
14 Defendant's Grand Jury testimony in which the Defendant "ultimately conceded that she
15 told investigators during her August 23, 2017 interview that Suspect #1 told her he had
16 been involved in a murder of a judge or attorney who lived on a hill."  Docket #112 at 6.
17 This is hardly an admission by the Government that the Defendant recanted her prior
18 alleged false testimony; rather, it is more akin to the Defendant "merely attempt[ing] to
19 explain [her] inconsistent [testimony]."  *Tobias*, 863 F.2d 688.  Further, the Defendant
20 "does not admit or concede that Ms. Reid made the specific statements alleged in the
21 Indictment." Docket #133 at 3.  Therefore, the issue of the Defendant's recantation is "not
22 conclusively settled" and nothing in the Government's trial brief could be considered
23 conclusive admissions of the Government.

#### B.    The Defendant Has Not Recanted Her Prior Statements.

25 To prevail on a recantation claim, "Section 1623(d) requires the defendant to admit
26 making a false declaration." *Tobias*, 863 F.2d at 688.   Here, the Defendant does exactly

27  United States' Opposition to Defendant's Motion to
   Dismiss Based on Binding Admission of Statutory Defense
28  *United States* v. *Reid*, No. CR19-117JLR – 4

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

1  the opposite—not only has she not "unequivocally repudiate[d]" her prior testimony, *id.* at

2  689*,* but she refuses to admit or concede that she even made the statements charged in

3  Count One of the Indictment, despite an audio recording and transcript of the Defendant's

4  Grand Jury testimony.  A quick review of the audio recording and/or transcript dispels the

5  Defendant's assertions in her trial brief that she "recanted" her prior allegedly false

6  testimony. Docket #132 at 3-4. At no point during the Defendant's Grand Jury testimony

7  did she ever admit that she made any false declaration.   Rather, as the Defendant

8  acknowledges in her trial brief, she asserts that the statements she made on August 23,

9  2017 were not true, not that she made a false declaration during her Grand Jury testimony,

10  a requirement under Section 1623(d).  *Tobias,* 863 F.2d at 688.  "What recantation requires

11  is '[a]n outright retraction and repudiation of…false testimony'; that 'is essential to a

12  'recantation' within the meaning of the statute.'" *Wiggan*, 700 F.3d at 1216 (quoting *United*

13  *States v. D'Auria*, 672 F.2d 1085, 1092 (2d Cir. 1982)).

14        In *Tobias*, the defendant testified as a defense witness at trial that he did not "know"

15  an individual by the name of Conrad Bouchelion.  On cross-examination, the government

16  played an audio recording of a telephone conversation between the defendant and

17  Bouchelion and then asked the defendant if the recording refreshed his recollection as to

18  whether he knew Bouchelion.   When the defendant responded that "I do not know

19  Bouchelion personally," the Court made the following inquiry:

20        The Court:    What do you mean by that?

21        Defendant:    I mean I've never had personal contact with Conrad Bouchelion other

22                than through Stephens.

23        Q:        That is your voice on the tape, isn't it, talking to Conrad Bouchelion?

24        A:        I do recall that phone call I received, yes.

25        Q:        And that is your voice.

26        A:        Yes.

27  United States' Opposition to Defendant's Motion to
   Dismiss Based on Binding Admission of Statutory Defense
28  *United States* v. *Reid*, No. CR19-117JLR – 5

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

....

The Court:     Yesterday, [defendant], you were called and ... you were asked by counsel for the defense ...:

"          Q:     And do you know a person by the name of Conrad Bouchelion? Your answer, 'No.'" Was that answer truthful?

Defendant:     That answer is true. I do not know the individual. The way-the way I'm interpreting "knowing" is knowing someone that you have conversation with every day, that you have dinner with, that you spend time with. Knowing. If that guy walked in this room today, I wouldn't be able to identify him.

....

The Court:     Do you know anybody by the name of Conrad?

Defendant:     Now I do since talking to Stephens.

....

The Court:     So yesterday when you were asked if you knew a man named Conrad, you did know a man named Conrad, didn't you?

Defendant:     Knowing that particular name, Judge, but not knowing the individual as a-as a ... a friend or associate.

The Court:     I think the United States ought to look into the prosecution of this man for perjury.

*Tobias*, 863 F.2d at 686-87.  In his subsequent prosecution for perjury, the defendant argued he implicitly acknowledged that his initial testimony, denying that he knew Bouchelion, was false, and pointed to his attempts to explain his understanding of the word "knowing" and the introduction into evidence of earlier statements he made to customs agents in which he admitted knowing a man named Conrad.  *Id.* at 688.  The Ninth Circuit rejected this argument, and joining the other circuits to have addressed the issue, held that

United States' Opposition to Defendant's Motion to
Dismiss Based on Binding Admission of Statutory Defense
*United States* v. *Reid*, No. CR19-117JLR – 6

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

"a defendant must unequivocally repudiate his prior testimony to satisfy § 1623(d)." *Id.* at 689 (citing *United States v. D'Auria,* 672 F.2d 1085, 1092 (2d Cir. 1982); *United States v. Goguen*, 723 F.2d 1012, 1017 (1st Cir. 1983), and *United States v. Scivola*, 766 F.2d 37, 45 (1st Cir. 1985)).  The Court further held that the defendant "did not so recant," finding that "[a]t best, [the defendant] merely attempted to explain his inconsistent statements by using a contorted definition of the word 'knowing.' Despite repeated questioning, he never admitted that he knew Bouchelion." *Id.*

In *Wiggan*, the defendant testified before a federal Grand Jury that she had not spoken with a former co-worker, who was one of the targets of an illegal wiretapping conspiracy investigation, after December 2000 and that she had not used her work voicemail prior to 2003.  When shown phone records revealing a large number of calls from the former co-worker to her work voicemail during the time period in question, the defendant claimed she never received any of those calls and never retrieved any messages from her voicemail. 700 F.3d at 1208.  A few days after her Grand Jury appearance, the defendant contacted government prosecutors and advised that she wished to correct some of her Grand Jury testimony. Accordingly, in a subsequent Grand Jury appearance, the defendant testified that she "might have accessed" her work voicemail prior to 2003, but continued to deny retrieving any messages left by her former co-worker.  "Upon close questioning and after much conversation, when asked whether her prior testimony that she had never used her voicemail prior to 2003 was true or false, she replied 'False. My husband said I did.'" *Id.* at 1208-09.  In her subsequent prosecution for perjury, the defendant claimed that her second appearance before the Grand Jury amounted to a recantation of her prior false testimony.  The Ninth Circuit disagreed, finding that the defendant's second appearance did not amount to the "unequivocal[] repudiat[ion]" of her prior testimony as required by Section 1623(d), but was simply the defendant "attempt[ing] to spin an excuse for the falsity, and even then hedged her bet. So when she, after some

United States' Opposition to Defendant's Motion to
Dismiss Based on Binding Admission of Statutory Defense
*United States* v. *Reid*, No. CR19-117JLR – 7

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

1  close questioning, finally agreed that the statement in question was 'false,' she immediately
2  followed that with the further statement: 'My husband said I did.' So even then, she
3  remained equivocal, and, in effect, only admitted to a possible error." *Id.* at 1217.

4        Like the defendant in *Tobias*, the Defendant here only attempted to explain her false
5  and inconsistent testimony in Grand Jury by providing various explanations for the
6  inconsistencies, including that she was mistaken, that she has memory issues, that she only
7  later learned from investigators that she said the statements attributed to her on August 23,
8  2017, and that she has mental health issues.  And like the defendant in *Wiggan*, the
9  Defendant only sought to explain her inconsistent testimony but made no affirmative
10 recantations of her testimony when she answered "no" when asked if Suspect #1 bragged
11 to her about Suspect #1's "involvement in the murder of a, quote judge or an attorney that
12 live on top of a hill" and if Suspect #1 "bragged that the murder victim was someone of
13 importance like a judge or an attorney general."  *See* Docket #3 at 1-2.  To satisfy the
14 requirements of Section1623(d), the Defendant must have "unequivocally" testified that
15 her prior answers of "no" were false, a fact which neither the Government, nor the
16 Defendant, concede.  Further, at no point during the Defendant's Grand Jury testimony did
17 she "renounce and withdraw" her prior statements. *Wiggan*, 700 F.3d at 1216.  Rather, the
18 Defendant merely attempted to "spin an excuse" for her inconsistent testimony, "but never
19 really admitted to the facts in question" or "actually change[d her] testimony"; this is
20 insufficient to satisfy Section 1623(d) and dismissal of the indictment is therefore not
21 warranted. *Id*.

22                    **IV.   CONCLUSION**

23        For these reasons, the Defendant's Motion to Dismiss Based on Binding Admission
24 of Statutory Defense should be denied.

25        Dated this 15th day of July, 2021.

26

27  United States' Opposition to Defendant's Motion to
    Dismiss Based on Binding Admission of Statutory Defense
28  *United States* v. *Reid*, No. CR19-117JLR – 8

    ASSISTANT ATTORNEY GENERAL
    1301 NEW YORK AVENUE, NW
    SUITE 700
    WASHINGTON, D.C. 20005
    (202) 514-3594

Respectfully Submitted,

Nicholas L. McQuaid
Acting Assistant Attorney General

_s/Matthew K. Hoff_
MATTHEW K. HOFF
Trial Attorney

_s/Christina Taylor_
CHRISTINA TAYLOR
Trial Attorney

United States' Opposition to Defendant's Motion to
Dismiss Based on Binding Admission of Statutory Defense
*United States* v. *Reid*, No. CR19-117JLR – 9

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594