

U.S. Department of Justice

Criminal Division

*Organized Crime and Gang Section*
*Matthew K. Hoff*
*Trial Attorney*
*Matthew.Hoff2@usdoj.gov*

1301 New York Ave., NW
Washington, DC 20005

*DIRECT: 202-598-8093*
*MAIN: 202-514-3594*
*FAX: 202-514-3601*

January 28, 2020

**VIA EMAIL**

Michael Nance
1001 Fourth Avenue, Suite 3200
Seattle, Washington 98154
michaelnancelaw@gmail.com

Robert Gombiner
705 Second Avenue, Suite 1500
Seattle, Washington 98104
robertgombiner@gmail.com

Dear Messrs. Nance and Gombiner:

     We are writing in response to (a) the letter that Mr. Kevin Peck and Mr. Nance sent to Mr. Hoff and Mr. Clymer on October 18, 2019, and that was the subject of a meeting on November 26, 2019, in Seattle, Washington, and (b) a later follow-up letter that Mr. Nance sent to Mr. Clymer on November 26, 2019. In this letter, we respond to each of the individual requests set out in the Peck/Nance letter. Please note that we use "Suspect #1" instead of the name of the person mentioned in that letter and also do not refer to the murder victim by name. Also, please be aware that this letter is based on an extensive review made to date of information and documentation in the government's possession. If we learn of additional discoverable information or documentation relevant to any of the categories in the Peck/Nance letter, we will let you know.





3. Any written or recorded statements of Shawn Reid and related summary reports and 302s, notes or other documentation of oral or written statements purportedly made by Ms. Reid to any person, whether a government investigator/official or not, relating to the [murder investigation described in the indictment], including any statement(s) Ms. Reid made regarding [Suspect #1]. This request includes, but is not limited to, any statement the government might potentially use in its case-in-chief.

The government already has produced to you a transcript, reports, and notes documenting statements that Shawna Reid made to government investigators in this matter. To the extent that Reid has made relevant statements *to other persons*, and those statements are documented or recorded, the government will make timely disclosure to you if required by Rule 16(a) of the Federal Rules of Criminal Procedure or the government's *Brady* obligations.



12. **Did the grand jury panel that indicted Shawna Reid in June 2019 also hear Ms. Reid's live grand jury testimony on February 28, 2018? Or was it a different panel?** ███████████████████

   The grand jury panel that heard Shawna Reid's immunized testimony was not the same grand jury panel that returned the indictment against Shawna Reid. Thus, there is no appearance of taint here. *See, e.g.*, *United States v. Lipkis*, 770 F.2d 1447, 1451 (9th Cir. 1985) (describing the Ninth Circuit's approach to the situation in which a grand jury that hears immunized testimony returns a perjury indictment against the immunized witness).

   We have reviewed Mr. Nance's letter dated November 26, 2019, to Assistant United States Attorney Steven Clymer providing an additional argument for disclosure of "other surrounding circumstances referenced in our earlier discovery letter." To the extent that this letter suggests some government wrongdoing because Ms. Reid was informed of her obligation to comply with a court-ordered grant of immunity consistent with 18 U.S.C. § 6002, and that this somehow entitles Ms. Reid to discovery not otherwise authorized by law, we respectfully disagree. And, in any event, we note that when Ms. Reid appeared before the grand jury, she was represented by counsel and was told that she could speak with her attorney if she requested.

   ███████████████████████████████████████
   ██████

13. **Please describe in reasonable detail the procedure by which this indictment occurred. How was the indicting grand jury panel informed of Ms. Reid's prior grand jury testimony? What verbatim instructions were provided to the indicting panel prior to it hearing of Ms. Reid's grand jury testimony from February 28, 2018? Was it play-acted from a script or simply read into the record in front of the grand jurors?** ███████████████████
   ███████████████████████████████████████
   ███████████████████████████████████████

   These are matters occurring before the grand jury. *See* response to Category #12.

   ███████████████████████████████████████
   ███████████████████████████
   ███████████████████████████████████████
   ███████████████████████████████████████



16. **Please produce any and all other exculpatory evidence or *Brady* material or early *Jencks* Act statements the government has in its possession regarding Shawna Reid that it has not yet provided in discovery.**

To the extent that the government is or becomes aware of *Brady* information, it will comply with its obligation to produce such information to Shawna Reid in a timely manner. *See, e.g., United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991) (*Brady* disclosure must be made in sufficient time for it to be of value to the defendant). To the extent that the government possesses statements governed by 18 U.S.C. § 3500, it is open to discussing with you the possibility of early government production contemporaneous with defense compliance with its discovery obligations under Fed. R. Crim. P. 16(b) and 26.2.



Should you have any questions, please feel free to contact me at (202) 598-8093.

Sincerely,

/s/ *Steven D. Clymer*
Assistant United States Attorney

/s/ *Matthew K. Hoff*
Trial Attorney
U.S. Department of Justice