Honorable James Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR19-117 JLR |
| | ) | |
| Plaintiff, | ) | DEFENSE REPLY |
| v. | ) | RE: BINDNG GOVERNMENT |
| | ) | ADMISSION |
| SHAWNA REID, | ) | |
| Defendant. | ) | |
| | ) | |

The government sidesteps the central question of whether Ms.Reid admitted in her grand jury testimony saying the very thing — that, yes, she previously told the FBI on August 23, 2017, that her ex-boyfriend confessed to his role in a murder — it has indicted her for denying having said earlier in that testimony. It plays semantics in denying that Ms. Reid "recanted" the denial for which she was indicted or that its trial brief means what it plainly says, i.e., that Ms. Reid "conceded that she told investigators during [that] interview that Suspect#1 told her he had been involved in a murder of a judge or attorney who lived on ahill." The government contends that Ms. Reid did not recant her prior statements and that it never admitted she had, but this is belied by the audiotape and the government's trial brief, which establish both the fact of her recantation and recantation and the government's binding admission to that fact.

**Evidentiary basis for the recantation**

The basis for Ms. Reid's recantation is well-founded. After her denial of previous statements to the FBI that "Suspect #1 bragged to [her] about his involvement in the murder of a judge or attorney that lives on top of a hill" (GJ transcript at 17), she altered

her testimony later in the proceeding:

> Q: Do you remember them asking you whether [Suspect #1] had ever spoken to you about being involved in or getting wrapped up in a murder?
>
> . . . .
>
> Is it your testimony that you did not answer that question yes?
>
> A. Is it? No. They told me that I did.
>
> Q. I am not asking you what they told you. I am asking you what you did when you were asked that question. How did you respond?
>
> A. Apparently, I said yes.
>
> Q. Why do you say "apparently?"
>
> A. Because I don't have any recollection of --of that.
>
> . . . . . .
>
> Q. Okay. Can you explain to us why if you were super sick, you had mental illness, you had to take your brother to drug court, and you were in a hurry —
>
> . . . .
>
> -- you thought the right thing to do was to tell the agents that [Suspect #1] had confessed a murder to you?
>
> A. That was an accident.
>
> Q. You, by accident, told the agents and the detective on that day that [Suspect#1] had told you about being involved in a murder?
>
> A. Yes.

GJ transcript 38-42.

**The government has already conceded the obvious, i.e. that Shawna Reid recanted, and is now bound by that admission.**

This case is about whether Ms. Reid falsely denied to the grand jury that she had made certain statements to FBI agents on August 23, 2017. During her testimony Ms.

Reid initially said she had not made the statements charged in the indictment. But later in the same proceeding, she conceded that she *had* made such statements. As the government has explicitly acknowledged,

> Defendant ultimately conceded that during her August 23, 2017, interview that Suspect #1 told her he had been involved in a murder of a judge or an attorney who lived on a hill. The defendant also conceded that during this interview she stated Suspect #1 drove her past the house where the murder occurred.

Govt's trial brief at 6.

To qualify as a judicial admission, a statement must be done in writing or in open court and amount to a real concession of a fact at issue and not have been made merely as a concession for some unrelated purpose. See, *United States v. Bentson*, 947 F.2d 1353 (9th Cir. 1991); *United States v. Novak*, 99 F.3d 1147 (9th Cir. 1996) (unpublished) (discussing when a statement should be viewed as a judicial admission).

The government's statement satisfies all the criteria for a judicial admission. It was made in writing in a formal pleading; it involves the central issue in the case; and it was not inadvertent or made in respect to some minor or irrelevant matter (and, indeed, was actually emphatically expressed).

This statement by the government is an admission of a party-opponent that must be treated as a binding fact by both this Court and the appellate courts. *United States v. Crawford*, 372 F.3d 1048 (9th Cir. 2013). Having admitted that Ms. Reid told the grand jury that she had made the statements attributed to her on August 23, 2017, the government cannot now say otherwise, and the Court cannot find differently. In *Crawford* defense counsel, during briefing and in oral argument, conceded probable cause

.
.
.

for the arrest of the defendant.  Even though there was "some confusion below" as to whether probable cause had existed, the judicial admission by defense counsel constituted a fact binding on both the trial and appellate courts.  *Id.*

The government's admission provides the undisputed factual basis, one amply supported by the evidence, that Ms. Reid recanted in the same proceeding and that her further prosecution is statutorily barred.  18 USC §1623(d).

Once Ms. Reid raises the statutory defense of recantation the government must disprove the defense beyond a reasonable doubt.  *United States v. Tobias,* 863 F.2d 685 (9th Cir. 1988).  Of course, the government cannot possibly disprove something by any standard if it has already admitted it.  It certainly cannot do so with irrelevant references to Ms. Reid's explanation of why she might have made statements to the FBI.  Nothing in the recantation defense prohibits the defendant from providing a reason for recanting.  All that is required is that she do so and the government's admission establishes beyond dispute that this is what she did.

Whether or not Suspect #1 actually told Ms. Reid about a murder or whether he drove her past a house or whether he said the murder was of an attorney general or judge or prosecutor does not matter one whit.  The charge in this case is that Ms. Reid made specific statements to the FBI agents on August 23 and then denied making those statements at the grand jury.  If it is undisputed that she admitted making the statements at the same proceeding the case is over, regardless of what Suspect #1 said or did not say.

The government repeatedly argues that Ms. Reid did not retract her statements but merely "attempted to spin an excuse for her inconsistent testimony."  Ms. Reid told the grand jury about the intimidating circumstances of the interview, with an agent

Michael Nance
Attorney at Law
P.O. Box 11276
Bainbridge Island, WA 98110
(206) 624-3211

questioning her while kneeling in front of her (a fact confirmed by Detective Conrad's grand jury testimony), her mental illness, and her bad memory. All of these factors shed light on why she might have made certain statements on August 23, 2017, but they have no bearing on the narrow, but critical, issue of whether Ms. Reid conceded to the grand jury that she did make the statements. In fact, Ms. Reid conceded that she had said the very things for which she has been indicted for having first denied, which is tantamount to a retraction of her earlier denial. The government's refusal to characterize it as such is strikingly at odds with both its admission and with the testimony, itself.

The government complains that "Ms. Reid refuses to admit or concede that she even made the statements charged in . . . the indictment". Govt brief at 5. The defense is simply saying that no one — neither Ms. Reid nor the government agents present at the August 23 interview — can say precisely what she said then, because the agents failed to record the interview and their notes and report of the interview are cryptic and contradictory. It is, of course, undisputed that, in the grand jury, she said precisely what the audiotape and transcript depict her saying.

The government's attempts to analogize Ms. Reid's "excuses" to those made by the defendants in *Tobias* or *Wiggan* badly miss the mark. The defendants in those cases refused to "concede" the statements or conduct which they falsely denied and instead concocted reasons why the statements or conduct were false or offered equivocal denials. Here, by contrast, Ms. Reid reverses herself on her earlier testimony by plainly admitting that she had made the very statements in issue (her statements to the FBI on August 23), but provided *no* explanation for the indicted testimony that she retracted. Under the *Wiggan* standard, she did not "attempt to clarify" but actually *changed* her testimony.

*Wiggan*, 700 F.3d at 1216.   She did not provide any excuse for her indicted testimony or ever later contend that it was somehow true.   Ms. Reid's explanation for *why* she made the original statements to the FBI does not change the fact of her concession that she did, in fact, make those statements.   This is critical where the charge against her is limited only to whether she made the statements to the FBI and then denied making them to the grand jury.

## Conclusion

The government's response obfuscates but cannot hide or change its unequivocal representation that Ms. Reid conceded she had made the very statements for which it has indicted her for denying. This is a clear admission of a party-opponent.  Ms. Reid's timely concession of having said what the government indicted her for denying is a recantation of her grand jury denial, both because the evidence (the audiotape) supports it and because the government has admitted it and is now estopped from denying it.

Shawna Reid should not be on trial for denying saying something she has clearly admitted in the same proceeding that she did say.  The case must be dismissed.

Respectfully submitted this 23rd day of July, 2021.

/s/ Michael Nance, WSBA#13933
/s/ Robert Gombiner, WSBA #16059
Attorneys for Shawna Reid

## Certificate of Service

I hereby certify that on the 23rd day of July, 2021, I electronically filed the foregoing with the clerk of the court using the CM/ECF system. Notice of this filing will be sent electronically to counsel of record for other parties.

/s/ Michael Nance
email:  michaelnancelaw@gmail.com

Michael Nance
Attorney at Law
P.O. Box 11276
Bainbridge Island, WA 98110
(206) 624-3211