Honorable James Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR19-117 JLR |
| | ) | |
| Plaintiff, | ) | DEFENSE REPLY |
| v. | ) | RE: *BRADY*/DISCOVERY |
| | ) | VIOLATION |
| SHAWNA REID, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The government has been in possession and control of the audio-recorded testimony since its creation in February 2018. It produced the recording only days before trial was scheduled to start. Now, in its response to the defense motion to dismiss, the government appears to deny earlier knowledge of the recording (contrary to the presumption of knowledge imputed by the rules and controlling caselaw) and refuses to take responsibility for its conduct or acknowledge that sanctions are appropriate.

An evidentiary hearing is necessary to explore the circumstances behind the recording of this testimony, its preservation, and ultimate production to the defense: Who authorized the recording? Who within the Department of Justice had knowledge of it? Is there any plausible circumstance under which a court reporter could create and possess an audio recording of secret grand jury testimony without the knowledge of the prosecuting authorities?

Michael Nance
Attorney at Law
P.O. Box 11276
Bainbridge Island, WA 98110
(206) 624-3211

**The government possessed and controlled this recording from thebeginning.**

FRCrP 6(e)(1) explicitly charges an *attorney for the government* with retaining control of any grand jury recording. Yet the government wants to hide behind the personal lack of knowledge of the trial attorneys and pawn off responsibility to the court reporter, who "did not advise anyone present during the Defendant's February 28, 2018 Grand Jury testimony that she was audio recording." Gov't Response at 2. This is a weak excuse. It runs afoul of *United States v. Cardenas-Mendoza*, 579 F.3d 1024, 1031 (9th Cir. 2009), which cites FRCrP 6(e)(1) and imputes to the government possession of grand jury recordings the moment they are created. Because the government possessed the tape all along, its suggestion that it did not withhold the tape (Gov't Response at 5) is unavailing.

**The delay in production of the audiotape may be more aggravated than previously known**

The record shows the following:

August 20, 2019 - the defense orally requests full discovery at arraignment

October 18, 2019 - the defense makes a written request for any recorded statements of Ms. Reid

June 21, 2021 - the defense emails government to confirm no audio-recorded testimony

June 30, 2021 - receiving no response, the defense does a followup email to confirm no audio-recorded testimony

July 1, 2021 - first government acknowledgement that audiotape exists

From the government response we now know that on June 22 it first asked the court reporter about an audiotape of the testimony and was told that one existed. Then, for reasons not explained, it filed an *ex parte* motion, presumably concerning an audiotape already eighteen months overdue under explicit court rules and which normally would not require court permission to produce. Finally, on July 1, a day after a second email query from the defense and eight days after being specifically apprised that the tape existed and with the trial imminent, the government first told the defense of the tape and of its planned production a few days later.

This sequence raises more questions than it answers: Why was the court reporter not asked (much) earlier about something so basic? Why if the existence of a tape was explicitly known on June 22 was there a further nine-day delay in informing the defense on a matter that directly impacted it and yet another several days before its ultimate production? Why did the government need to file a motion before it produced a recording, which the discovery rules mandate be given to the defense?

> **The defense — not the government — is in the best position to determine whether particular evidence advances its theory of the case.**

Unable to acknowledge its imputed possession and control of the audiotape for over three years, the government next professes confusion as to how the tape could possibly be exculpatory or less incriminating than the transcript. Gov't Resp at 8. The tape speaks for itself, and its interpretation is in the ear of the beholder. The government apparently thinks the tape is a simple rote recitation of the transcript, but the defense hears emotion,

character and personality in the testimony, aspects that amplify Ms. Reid's humanity and vulnerability, that the transcript fails to capture. But the larger point is that this was obvious evidence central to the charges; its production was mandated by the rules; and it was specifically and repeatedly requested. If the exculpatory value was even arguable, it should have been promptly produced both under the rules and under *Brady*. While the ultimate determination of what may be useful to the defense is best made by an advocate (see *Dennis v. United States*, 384 U.S. 855, 874 (1966)), the government cannot excuse its conduct by arguing, without authority, that this audiotape is simply not *Brady* evidence.

## Conclusion

If the remedy for a serious *Brady* violation, one involving substantial prejudice, is to simply provide the missing evidence and grant a little more time, the law is toothless and the government will have no incentive to ever seek and produce evidence essential for due process.

An evidentiary hearing would illuminate the hidden aspects of this prosecution that the government would prefer remain hidden. With or without a hearing the existing record easily justifies a dismissal.

Respectfully submitted this 27th day of July, 2021.

/s/ Michael Nance, WSBA #13933
/s/ Robert Gombiner, WSBA #16059
Attorneys for Shawna Reid

## Certificate of Service

I hereby certify that on the 27th day of July, 2021, I electronically filed the foregoing with the clerk of the court using the CM/ECF system. Notice of this filing will be sent electronically to counsel of record for other parties.

/s/ Michael Nance
email: michaelnancelaw@gmail.com

Michael Nance
Attorney at Law
P.O. Box 11276
Bainbridge Island, WA 98110
(206) 624-3211