The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SHAWNA REID, <br><br> Defendant. | CASE NO. CR19-117 JLR <br><br> **PLEA AGREEMENT** |

The United States of America, by and through Kenneth A. Polite, Jr., Assistant Attorney General, United States Department of Justice, and Matthew Hoff and Christina Taylor, Trial Attorneys with the Organized Crime and Gang Section of the United States Department of Justice, Defendant Shawna Reid and Defendant's attorneys, Michael Nance and Robert Gombiner, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (C).

1. **The Charge(s)**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Information: Obstruction of Court Orders, in violation of Title 18, United States Code, Section 1509, a Class A misdemeanor.

Plea Agreement - 1
*United States v. Reid*, No. CR19-117JLR

ASSISTANT ATTORNEY
GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense(s)**. The elements of the offense to which Defendant is pleading guilty are as follows:

    (1) The defendant willfully attempted to prevent, obstruct, impede, or interfere with;

    (2) the due exercise of rights or the performance of duties;

    (3) under any order, judgment, or decree of a court of the United States.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows:

    A maximum term of imprisonment of up to one (1) year, a fine of up to $100,000, a period of supervised release of up to one year, and a mandatory special assessment of $25.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Plea Agreement - 2
*United States v. Reid*, No. CR19-117JLR

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

4. **Immigration Consequences**.  Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory.  Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status.  Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.**  Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of Defendant's peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

Plea Agreement - 3
*United States v. Reid*, No. CR19-117JLR

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines**. Defendant understands and acknowledges that, before accepting the terms of this Plea Agreement, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense or offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense or offenses, to promote respect for the law, and to provide just punishment for the offense or offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law; and

Plea Agreement - 4
*United States v. Reid*, No. CR19-117JLR

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

1          c.    Except as provided in the paragraph containing the stipulation of the parties pertaining to sentencing, Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

       7.    **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offense.

On February 26, 2018, Defendant was ordered, pursuant to an order to compel issued by the United States District Court for the Western District of Washington, to "… give testimony and provide other information which this witness has refused to give or to provide on the basis of this witness' privilege against self-incrimination, as to all matters about which this witness may be called to testify to the grand jury…" On February 28, 2018, Defendant appeared at the Seattle Federal Courthouse to testify before a federal Grand Jury about prior statements she made to law enforcement regarding her knowledge of an individual being involved in the murder of Thomas Wales, a former Assistant United States Attorney.

During her Grand Jury appearance, Defendant was asked "[i]n your first interview with the FBI, did you respond, yes, when asked if "Suspect #1" was ever involved in a murder?" to which Defendant responded "[t]hat's what I was told, the second interview when they came back. Apparently, I said yes when I did not mean to." Later in Defendant's Grand Jury appearance, the following exchange took place:

Q.    In your first interview, did you say to the FBI that "Suspect #1" bragged to you about his involvement in the murder of a, quote, judge or an attorney that lives on top of a hill, end quote?

A.    No.

Q.    In your first interview, did you say to the FBI that "Suspect #1" bragged that the murder victim was someone of importance like a judge or an attorney general?

A.    No.

Plea Agreement - 5
*United States v. Reid*, No. CR19-117JLR

ASSISTANT ATTORNEY
GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

Shortly after the above exchange, the following questions and answers took place:

  Q. In your first interview with the FBI, did you say to the FBI that "Suspect #1" once drove you by the house where the murder occurred and that you remembered the house had grass, the house was, quote, ginormous, and that the house was possibly in Seattle?

  A. Did I say that?

  Q. Did you say that to the FBI in your first interview?

  A. I might have said that, but then I might have got things messed up as far as me selling magazines and then thinking I saw a big house and then, like, maybe he drove by and said, I - - you know. My quote was he used to work for or he was related to an attorney general or a judge.

  Later, during her Grand Jury testimony, Defendant was again asked if she said "yes" when agents asked her if "Suspect #1" had spoken to her about being involved in a murder, to which Defendant responded that she did not remember answering their question with a "yes."

  Defendant agrees and admits that by providing these contradictory statements to the Grand Jury regarding what she previously told law enforcement about her knowledge of an individual being involved in the Wales murder, she willfully attempted to obstruct and impede the Court's February 26, 2018 order.

  The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

///

///

///

Plea Agreement - 6
*United States v. Reid*, No. CR19-117JLR

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

8. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

| | | |
|---|---|---|
| Base Offense Level: | 30 | (U.S.S.G. §§ 2A1.1(a), 2J1.2(c)(1), 2X3.1(3)(A)) |
| Acceptance of Responsibility: | -3 | (U.S.S.G. § 3E1.1) |
| Adjusted Offense Level: | 27 | |
| Criminal History Category: | I | |
| Sentencing Guideline Range: | 12 months | (the statutory maximum for the offense of conviction) |

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

9. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

10. **Agreed Sentence Pursuant to Rule 11(c)(1)(C).** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties acknowledge and agree that the appropriate sentence of imprisonment to be imposed by the Court at the time of sentencing is: time-served with no additional supervised release to follow. If the sentencing Court rejects the agreement of the parties regarding the appropriate sentence,

Plea Agreement - 7
*United States v. Reid*, No. CR19-117JLR

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

both Defendant and the United States reserve the right to withdraw from this Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and to proceed to trial. No other agreement has been made regarding the imposition of the sentence in this matter, and the parties understand that the Court retains full discretion regarding the imposition of fines, forfeiture, or restitution as may be applicable. Except as specified above, Defendant understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court.

11. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States agrees not to prosecute Defendant for any additional offenses arising out of Defendant's conduct described in the agreed-to factual basis set forth in paragraph 7 above, and moves to dismiss the counts in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

12. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement,

Plea Agreement - 8
*United States v. Reid*, No. CR19-117JLR

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range.  Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

13. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction.  Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

Plea Agreement - 9
*United States v. Reid*, No. CR19-117JLR

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

    b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

  This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

  If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

  14. **Voluntariness of Plea**.  Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

  15. **Statute of Limitations**.  In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States

  16. **Completeness of Plea Agreement**.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter.  This Plea Agreement binds only the Organized Crime and Gang Section of United States Department of Justice (the United States Attorney's Office for the Western District of

Plea Agreement - 10
*United States v. Reid*, No. CR19-117JLR

ASSISTANT ATTORNEY
GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594

Washington is recused from this matter).  It does not bind any other office, section, department, or agency of the United States, or any state or local prosecutor.

Dated this 23rd day of August, 2021.

/s/ Michael Nance, on behalf of Shawna Reid
―――――――――――――――――――――――
SHAWNA REID
Defendant

/s/ Michael Nance, WSBA #13933
/s/ Robert Gombiner, WSBA #16059
―――――――――――――――――――――――
MICHAEL NANCE
ROBERT GOMBINER
Attorneys for Defendant

*Christina Taylor*
―――――――――――――――――――――――
MATTHEW HOFF
CHRISTINA TAYLOR
Trial Attorneys
Organized Crime and Gang Section
U.S. Department of Justice

Plea Agreement - 11
*United States v. Reid*, No. CR19-117JLR

ASSISTANT ATTORNEY GENERAL
1301 NEW YORK AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20005
(202) 514-3594